Dike *v.* Lewis.

DIKE and others *vs.* LEWIS and others.

A comptroller's deed of land sold for taxes, which designates the lot by a *wrong number*, is void, though it contain other matter of description, which, if the number were rejected, would sufficiently identify the lot.

EJECTMENT, for the north part of lot No. 127, in the *Iron Ore Tract*, in the county of Essex, tried at the Essex circuit in June, 1844, before WILLARD, C. Judge.

The plaintiffs proved that lot No. 127, in the Iron Ore Tract, was patented to Ephraim Morgan in the year 1819, and that he died in 1826, and that the plaintiffs are his heirs at law. The defendants were then proved to be in possession, and the plaintiffs rested.

The defendants gave in evidence a deed from the comptroller of this state to Richard P. Hart, conveying several parcels of land, which, as the conveyance recited, were sold for taxes, in April and May, 1830. One of the parcels was described as

follows : " One hundred and twenty acres of land, to be laid
out at the expense of the said party of the second part, and in
a square as nearly as may be, in the northwest corner of two
hundred and one acres ; being what was taxed and returned
to the comptroller's office as lot No. 228, assessed to Ephraim
Morgan; bounded north by D. Brainard's, south by A. Mit-
chell's; formerly owned by Jonas Morgan ; said lot being in
the Iron Ore Tract."' The defendants then proved that the lot
mentioned in the comptroller's deed had been assessed for seve-
ral years prior to the tax sale, as lot No. 128 ; and one of the
assessors testified that the lot was understood to be No. 128 for
several years prior to the publication of the county map.  The.
plaintiffs thereupon gave in evidence the field book and map
of the survey and allotment of the Iron Ore Tract, made by
S. D. Kellogg, a surveyor in the employment of the state, from
which it appeared, that the lot to which all that part of the
description contained in the comptroller's deed, except the num·
ber of the lot, applied, was lot No. 127, in the tract in question.

Both parties then gave evidence upon the question whether
the lot was occupied or not at the period when notice should
have been given to the occupant, if there was one on the lot.
The judge submitted that question to the jury, but he instruct-
ed them that the defendants had shown title to the premises in
question by the production of the comptroller's deed, and that
they were entitled to the verdict, provided the question of occu-
pancy was determined in their favor.

The jury gave their verdict in favor of the defendants.

*A. C. Hand*, for the plaintiffs, now moved for a new trial,
on the ground of misdirection as to the effect of the comptrol·
ler's deed.

*N. Hill Jr.*, for the defendants.

PER CURIAM.  The statute directs the assessors to put
down the *number* of the lots assessed by them to non-residents,
if the tract is subdivided into lots, and they can obtain correct

Dike *v.* Lewis.

information concerning them; if not subdivided, or if they cannot ascertain the subdivision, they are to give the boundaries, and are to certify either that the tract is not subdivided, or that they cannot obtain correct information of the subdivisions. (1 *R. S.* 391, §§ 12, 13.) Conceding that the plaintiff's lot is the one intended to be assessed, and that the description contained in the comptroller's deed, rejecting the number, would be sufficient to identify the lot, and that if the question had arisen upon a deed given by a private person, the mistaken number might be rejected, and the lot as otherwise described be held to pass, it is another question whether the same rule is applicable to a deed given by the comptroller upon a sale for non-payment of taxes. We think the principle does not apply. The statute requires that the true number should be given, if any number is mentioned; and if that cannot be ascertained, that the boundaries only, without any number, should be given. A very good reason exists why this should be so, especially in a tract which has been surveyed and allotted under the authority of the state. Non-resident proprietors intending to pay their taxes at the comptroller's office, would, ordinarily, only be able to give the numbers of their lots. A search in the comptroller's books for all lots of which the numbers had been returned, and also of those where the subdivision numbers were wanting, ought to enable the party desirous of paying his taxes, to ascertain whether his land had been assessed. In this case such an examination would not have led to the fact that this lot had been returned. This consideration shows that the principle contended for cannot apply. We are of opinion that the judge erred, and that a new trial ought to be granted.

New trial granted.