RICHARD OAKLEY, Plaintiff, v. ABRAM HEALEY,
Defendant.

*Tax sale — when the description of the premises is too vague.*

In a deed executed by the comptroller to a purchaser of lands at a sale for non-
payment of taxes, the premises were described as "in the county of Sullivan,
Minisink patent, division one (1), lot twenty-eight (28), four hundred and
fifty-five (455) acres, more or less, bounded north and south by the lot lines
*east by resident land,* and west by the town of Forestburgh."
*Held,* that the description was defective in that the east boundary was too vaguely
defined.

MOTION for a new trial, on exceptions ordered to be heard in the
first instance at the General Term, after a verdict directed by
the court in favor of the defendant.

*Butts & Merritt,* for the plaintiff.

*T. F. Bush,* for the defendant.

LEARNED, P. J.:

The complaint alleges that the plaintiff is owner in fee and
entitled to possession of certain land, describing it, that the
defendant wrongfully entered and cut and converted wood, etc.,
and asks damages or possession of the wood, averring that plaintiff
is owner of the wood and entitled thereto. The answer denies
plaintiff's title to the land and to the wood, etc.

On the trial the plaintiff, to prove his title to the land, gave in
evidence three deeds given on tax sales; two by the county judge
and treasurer of Sullivan county dated respectively in 1856 and
1858 and one by the comptroller dated in 1879. The plaintiff
relies principally on the last deed. The defendant's main objection
to that is that the description is insufficient. It is as follows:
"The following piece," etc., "in the county of Sullivan, Minisink
patent, division one (1), lot twenty-eight (28), four hundred and
fifty-five (455) acres, more or less, bounded north and south by the
lot lines, east by resident land and west by the town of
Forestburgh."

The first defect is that the west boundary describes nothing.

By chapter 299, Laws of 1837, the line between lots 28 and 29 is the town line between Forestburgh and Thompson, so that no part of Forestburgh lies west of any of the lands in lot 28. It is replied to this by plaintiff that this land was in the town of Mamakating, and that it is publicly known that Forestburgh does not join Mamakating on the west; that the word Forestburgh should therefore be changed to Thompson. The town of Mamakating is not, however, named in the conveyances. Therefore, so far as the conveyances go, there is nothing which shows that Forestburgh is not the correct term.

The other defect is in the opposite boundary: "East by resident land." Now assuming that this means "land owned by residents of the town," and taking also the proof that the town intended was that of Mamakating, this description still fails to identify the land intended to be conveyed. It will be seen by examination of the statute (1 R. S., 390, § 9), that the taxable inhabitants of the town are to be assessed for all the land owned by them severally in the town. And it is the land owned by non-residents which is provided for by section 11 and following sections. "Resident land" then does not mean land actually occupied by residents of the town, but land owned by such residents. And this boundary is made to depend on the ascertaining what persons were taxable inhabitants of Mamakating at the time (say 1864) of the assessment and what lands they then owned. This is altogether too vague to comply with the statute under *Tallman* v. *White* (2 N. Y., 71), *Colman* v. *Shattuck* (62 id., 361), *In re New York Central and Hudson River Railroad Company* (90 id., 342), *Dike* v. *Lewis* (4 Denio, 237).

The duty of the assessors is set forth plainly in section 13, subdivision 4 and section 12, subdivision 5. Whether we understand that lot No. 28 of the Minisink patent is subdivided into lots or not, the description is defective and fails to comply with the letter and spirit of the statute. It is suggested by the plaintiff that there is no evidence in the papers as to the description in the non-resident assessment-rolls. But it is said in reply that this evidence was given on the trial, and by stipulation was not printed in the case. And certainly we have no reason to assume that the description in the assessment-roll is other than that in the deed.

We think that the motion for a new trial should be denied, with costs.

LANDON, J.:

I concur in result. I think the north, south and west lines are exact. The boundary line of Thompson is the west line. But the east line is "resident lands," and that means lands the assessors assessed as such. The plaintiff did not locate this east line and therefore did not show that his deeds covered the *locus in quo.*

Present — LEARNED, P. J., and LANDON, J.

Motion for a new trial denied, with costs.