MOSES MAY, Respondent, *v.* HENRY TRAPHAGEN, Appellant.

All proceedings prescribed by law for the assessment of land for the purposes of taxation, must be substantially, if not strictly, complied with.

Whatever the legislature has specifically directed in this respect the courts may not declare immaterial.

In an action of ejectment to recover possession of land in the city of Brooklyn, plaintiff claimed title under a tax sale for non-payment of taxes for three years, including 1883. The premises formed originally part of lot 19, as designated on the ward map. In February, 1883, said map was altered by the assessors, lot 19 being divided into two lots, the premises in question being designated as No. 21. In making the assessment for 1883, the two lots were included in one valuation, assessment and tax, instead of being valued and taxed separately, and the books so came into the collector's hands. In November, 1883, an apportionment was made in his office, and by erasures and new entries, separate statements of valuations and tax were made upon the books. *Held*, that there was a fundamental defect in the assessment, as under the city charter as it then was, a separate assessment of the two lots was required (Tit. 10, chap. 863, Laws of 1873) ; that the provision of the Consolidation Act of 1888 (Tit. 10, chap. 582, Laws of 1888), which provides for the apportionment of gross assessments where more than one person is interested in the piece taxed, did not apply, as the act went into effect

after the sale. Also, that the subsequent apportionment was ineffectual to validate the original proceedings, or to supply the defects therein.

*It seems*, if said provision of the Consolidation Act was to be considered, it had no applicability to a case like this, where the new lots were, at the time of the assessment, shown on the ward map.

{Argued October 5, 1893; decided October 17, 1893.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, entered upon an order made July 11, 1892, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial without a jury.

This was an action of ejectment.

The facts, so far as material, are stated in the opinion.

*Gratz Nathan* for appellant. The apportionment of the tax for 1882 was unauthorized, and the subsequent proceedings in respect to that tax, resulting in the sale of the lot described in the complaint, at which the plaintiff became the purchaser, were for that reason illegal and void. (Laws of 1873, chap. 863.) The taxes for 1883 on the lot in question were not legally assessed or imposed, and for that reason the sale by the registrar was ineffectual, and the plaintiff took no title thereby. (Laws of 1873, chap. 863, § 3 ; Laws of 1885, chap. 411; *Talon* v. *Mayor*, etc., 12 Daly, 235 ; *Westfall* v. *Preston*, 49 N. Y. 349 ; *Newell* v. *Wheeler*, 48 id. 486 ; *Chapman* v. *City of Brooklyn*, 40 id. 372 ; *Tallman* v. *White*, 2 id. 66 ; *Sharp* v. *Speir*, 4 Hill, 76.)

*Ira Leo Bamberger* for respondent. The findings are amply sustained by the evidence. (*Aldrich* v. *Aldrich*, 120 N. Y. 614 ; *Hyman* v. *Friedman*, 18 N. Y. Supp. 447.) The apportionment may be made and the proper names entered as was done. (Laws of 1888, chap. 582, § 11.) The gross assessments for 1883, on lots 20 and 21 were properly made. (Laws of 1888, chap. 585, § 10.)

GRAY, J. The action was brought to recover possession of certain premises in the city of Brooklyn. The plaintiff's title

comes through a sale made to him on February 23d, 1887, by the registrar for the non-payment of the taxes for the years. 1882, 1883 and 1884. The defendant was the owner of the property at the time of the tax sale, and, among other objections to the plaintiff's title, asserts that the taxes for the year 1883 were not legally assessed, and, hence, the sale was ineffectual.

It was shown that the premises formed, originally, part of one plot of land, which, in 1882, was designated upon the ward map by the number 19 in block 222. In February, 1883, the ward map was altered by the assessors by subdividing the plot No. 19 into two lots, or parcels, which received new ward map numbers; the premises in question being designated as No. 21 and the remaining lot being designated as No. 20. In making the assessment for 1883, and the "annual record of real and personal property subject to taxation" for that year, the taxing officers included in one valuation and assessment the two lots 20 and 21; instead of stating in the record the valuation of lot No. 21, here in question, and the amount of the assessment thereon. That is, the two lots together were set down in the assessment roll at a valuation of $4,500, and a gross tax was assessed of $107.30. The record so remained during the period when the books were kept open for examination and correction, and they so came into the collector's hands.

On November 20th, 1883, an apportionment was made in his office, and, by erasures and entries in red ink, separate statements of a valuation and of the assessed tax were made upon the books. The circumstances under which this apportionment was made are not disclosed exactly.

We think that there was a fundamental defect in the proceedings for assessment and taxation. The charter of the city (Laws 1873, chap. 863, title 10), prescribed the power and the duty of the assessors, and required that all assessments. shall refer to the ward maps, which were to be made and to be kept by them. They were directed to follow the provisions of the general law, and they required a separate statement of the

value of the land to be assessed. In the opinion at the General Term it was held that the gross assessment of the two lots did not render it void, on the ground that there was a reference to the ward map, and, if the defendant had objected to the assessment in gross, the assessors would have changed it by making separate assessments upon each lot. Reference is made in the opinion to section 11 of the Consolidation Act of 1888, providing for the apportionment of gross assessments, where more than one person is interested in the piece taxed. That act went into effect after this sale and is inapplicable. The provision in the charter of 1873 differs in its language, and, if we had to consider the provision, we might say that it has no applicability to such a case as this, where the lots were already shown on the ward map as divided and numbered.

That all the proceedings prescribed by the law for the assessment of land for the purposes of taxation must be substantially, if not strictly, complied with, is a well-settled and a familar rule. The purchaser takes at his peril the title offered to him, and depends upon the strict right of the public officer to sell. That right rests upon a succession of steps, which must have been substantially taken to reach the result. The failure in the present case to separately state the value for assessment of the premises in question amounted in law to a failure to impose any tax which the owner could be held for. There was, in such respect, an absence of a specific requirement of the statute with respect to the annual record. That which the legislature has directed courts cannot declare immaterial. (71 N. Y. 309; 123 id. 31.)

During the period when, by law, property was to be valued for taxation purposes and a tax assessed, these steps were not taken as to the lot, which, on the ward map in the assessors' custody, and to which they were obliged by law to refer, in making up their rolls, appeared with its ward number, 21. The defendant, upon finding upon the annual record no valuation of his lot, was under no obligation to make any application to the taxing officers. It was not a case for correction; for there

could be nothing to correct when there was no valuation for assessment.

The subsequent apportionment, in November, 1883, of va 'es and taxes, howsoever done, was ineffectual to validate pre\ ous proceedings, or to supply the defects, by which defen ant's lot escaped assessment.

The only conclusion to be reached is that there was a failure to impose any tax for the year 1883, and, therefore, the proceedings for the sale of the land were void.

The judgment should be reversed and judgment ordered dismissing the complaint, with costs to the defendant in all the courts.

All concur.

Judgment accordingly.