ABRAHAM ERSCHLER, Appellant, *v.* LUCY LENNOX and MARSHALL DUNHAM, Respondents.

*Taxation — misdescription of the property — the statutory requirements must be observed.*

All proceedings prescribed by law for the assessment of land for the purpose of taxation must be substantially, if not strictly, complied with, and whatever the Legislature has specifically directed in such a proceeding cannot be declared by the courts to be immaterial.

Where the charter of a city provides that, before any sale shall be made of property for a tax, an order shall be entered "particularly describing the premises to be sold," a description in such an order which correctly states the boundaries of only two of the four sides of the lot proposed to be sold, and also embraces by its terms another lot, is not a substantial compliance with the statute, and a sale made under it is absolutely void.

APPEAL by the plaintiff, Abraham Erschler, from a judgment of the County Court of the county of Chemung in favor of the defendants, entered in the office of the clerk of the county of Chemung on the 14th day of August, 1896, affirming a judgment rendered by the City Court of the city of Elmira.

The judgment appealed from affirmed a final order made in summary proceedings to obtain possession of certain real estate therein.

The plaintiff was the purchaser on a tax sale of the premises described in the petition, and asked for a final order to remove the defendants from such premises according to the provisions of the charter of the city of Elmira and the Code of Civil Procedure.

The defendant Lucy Lennox defended, and urged that the proceedings for the sale of her property for taxes, under which the petitioner claimed, were illegal and void — among other reasons, because the property was not properly assessed, in that the assessment roll failed to show the quantity of land to be taxed, and because the property was not particularly described in the order for sale made by the common council and in all the proceedings subsequent, as provided for in the charter of the city of Elmira.

In said City Court the petition was dismissed, with costs, and an appeal was taken to the Chemung County Court, and said order was affirmed and the plaintiff appeals to this court.

The charter of the city of Elmira (Laws of 1875, chap. 370, and the various acts amendatory thereof), among other provisions, contains the following :

" § 48. The assessors elected in the city of Elmira as herein provided shall perform all the duties hereinafter specified in relation to the assessment of property within said city as well for the purposes of levying the taxes imposed by the board of supervisors of Chemung county as by the common council of said city.   \*   \*   \* The said assessors shall possess all the powers and authority of town assessors, and shall make the assessment roll of said city in the same manner as such town assessors under and in pursuance of the second article of the second title of the thirteenth chapter of the first part of the Revised Statutes, except as herein provided."

"§ 55. It shall be the duty of said chamberlain upon all taxes remaining unpaid on the sixteenth day of October next succeeding the completion of the said assessment roll, or, in case of his inability for any cause, to attend to the duties thereof in person, he is authorized to appoint one or more competent persons, who shall possess all the powers of said chamberlain, to levy the amount of said tax, and an additional amount of five per cent and also interest at the rate of seven per cent per annum, from the said fifteenth day of October, and the fees allowed for levy and sale on execution issued on justices' judgments, by distress and sale of the goods and chattels of

the person assessed, or of any goods and chattels in his possession, wheresoever the same shall be found within said city. On or before the first day of December in each year the said chamberlain shall transmit to the common council a true and correct account of all unpaid taxes in said roll, verified by his affidavit.

"§ 56. Every tax or assessment, for whatever purpose imposed or charged upon any real estate within the city by virtue of any provision of this act, shall be a lien upon the real estate so charged from the time of the filing of the roll containing the same with the clerk for two years after such filing; and if such tax or assessment shall be returned as unpaid by any officer authorized to collect the same, the common council may employ and direct an attorney or other proper officer to advertise and sell such real estate in the manner hereinafter provided. * * *

"§ 57. Before any such sale an order shall be made by the common council, which shall be entered at large in the records of the city, designating and directing the attorney or officers of the city to sell and particularly describing the premises to be sold, and the owner or agent thereof, so far as the same is known to the common council, and the assessment for which the sale is to be made, a copy of which order shall be delivered to the officer so designated, who shall forthwith advertise the sale of said premises in the manner and for the time required in the case of sales of real estate on execution, and the sale shall be conducted in the same manner, except as herein provided. * * * All sales in such cases shall be made for the shortest period for which any person will take the premises and pay the assessment, interest and expenses."

The property of the defendant Lucy Lennox was placed upon the assessment roll as "lot 103 West Water street." The roll did not give any description of the premises or state the quantity of land assessed, and hence it was claimed by the respondents that the assessment was illegally made in not complying with the provisions of the statute requiring assessors in making an assessment to state in the second column of the roll the quantity of land to be taxed.

In the order of sale, made by the common council of the city of Elmira, the defendant's premises are described as follows: "All that lot or parcel of land situate in the first ward of the city of Elmira, N. Y., bounded and described as follows: On the *east* by

land owned by Mrs. S. Fancher; on the north by West Water street; on the west by land owned by Mrs. George Wyckoff; on the south by Chemung river, and known as No. 103 West Water street." This description, it was conceded, was incorrect.

*George W. Buck* and *Richard H. Thurston,* for the appellant.

*E. J. Baldwin,* for the respondents.

PUTNAM, J. :

The authority of the common council of the city of Elmira to sell the premises of the defendant Lucy Lennox for taxes at the time in question was derived entirely from the statute. It is a familiar principle that " every statute in derogation of the rights of property or that takes away the estate of a citizen ought to be construed strictly." (*Sharp* v. *Speir,* 4 Hill, 76.) " When lands are taken under a statute authority, in derogation of the common law, every requisite of the statute having the semblance of benefit to the owner must be strictly complied with." (*Sharp* v. *Johnson,* 4 Hill, 92.) It has been held that " all proceedings prescribed by law for the assessment of land for the purposes of taxation must be substantially, if not strictly, complied with. Whatever the Legislature has specifically directed in this respect the courts may not declare immaterial." (*May* v. *Traphagen,* 139 N. Y. 478; *Sanders* v. *Downs,* 141 id. 422 ; *Westfall* v. *Preston,* 49 id. 349.)

The plaintiff claimed title to the premises in question by authority of a tax sale made by the common council of the city of Elmira. As above suggested, such officers had no other authority to sell the premises of the defendant Lucy Lennox, except as it was conferred by the charter of the city. That charter provided, *first,* that the assessors of the city should make an assessment roll in which the quantity of land assessed to the defendant should be stated ; *second,* in case the tax against the defendant was not paid, the common council of the city were authorized to sell defendant's premises ; but " *before any such sale an* order shall be made by the common council, which shall be entered at large in the records of the city, designating and directing the attorney or officers of the city to sell, *and particularly describing the premises to be sold.*"

In the assessment roll under which the plaintiff claims title, it is

conceded that the quantity of land to be taxed was not stated, and in the order of sale made by the common council of the city, the lot of Lucy Lennox was not correctly described. The description on the north and south were correct, but on the east the property was described as bounded by lands owned by Mrs. S. Fancher. The land east of the defendant Lennox's premises was owned by Mrs. Fancher's son. She had a mere dower interest therein, unadmeasured, and hence had no estate in the land. (*Aikman* v. *Harsell et al.*, 98 N. Y. 186.)

The property on the west did not belong to Mrs. George Wyckoff, as incorrectly stated in said order, but to one Richardson, next west of whose lot was that of Mrs. Wyckoff. Hence the designation in the order of sale not only incorrectly described the defendant Lennox's lot on the east, but also on the west, and in fact included the lot owned by Richardson.

Without considering the question whether the tax sale made by the common council of the city should be deemed invalid by reason of the fact of the omission of the assessors to state in the assessment roll the quantity of land assessed, we are of the opinion that, before the common council was authorized to sell the land of the defendant Lucy Lennox, in consequence of her failure to pay the tax assessed against her, they were compelled to make an order of sale containing a particular description of the premises. The statute expressly provides *that before a sale* such order containing such description shall be made. It will not be doubted that the description, to conform to the statute, must be substantially correct. The description covering the lot of the defendant Lennox to be assessed and another larger lot which she did not own, and describing both as the premises of the defendant Lennox, was not the particular description of her lot required by the statute.

The error of the common council of the city in the description of the lot of the defendant Lennox contained in the order cannot be deemed immaterial. As said in *May* v. *Traphagen* (*supra*): "Whatever the Legislature has specifically directed in this respect, the courts may not declare immaterial." (See, also, *Tallman* v. *White*, 2 Comst. 66; *Dike* v. *Lewis*, 4 Den. 237; *Matter of Application of N. Y. C. & H. R. R. R. Co.*, 90 N. Y. 342; *Zink* v. *McManus et al.*, 121 id. 259.)

In *Oakley* v. *Healey* (38 Hun, 244) three of the boundary lines of the lot in question were correct, but the plaintiff failed to locate the east line, and it was held that he was properly defeated in the action. In this case, in the order of the common council, only two lines were correctly stated, while the description in the order embraced the lot of Richardson, which is conceded did not belong to the defendant Lucy Lennox.

Counsel for the appellant calls our attention to the case of *Van Rensselaer* v. *Witbeck* (7 Barb. 133). The decision in that case was reversed by the Court of Appeals, but the question under consideration was not passed upon by the latter court. In that case a question as to the description of the premises in the assessment roll was considered in the Supreme Court, the plaintiff being a non-resident. In his opinion HARRIS, J., reached the conclusion that there was a substantial compliance with the statute as to the description of the premises taxed, but he expressed the opinion that the directions of the statute in regard to an assessment roll are merely directory, and that "To the owner it is a matter of indifference whether his lands are assessed as the lands of a resident or a non-resident, or whether they are described in the particular manner specified or not. His rights are not affected by the observance or the non-observance of the regulations of the statute." We prefer to follow the doctrine laid down in *May* v. *Traphagen* (*supra*) which we have already quoted, and in which the Court of Appeals held that "All proceedings prescribed by law for the assessment of land for the purposes of taxation, must be substantially, if not strictly, complied with. Whatever the Legislature has specifically directed in this respect, the courts may not declare immaterial."

We think the order of the common council of the city of Elmira, under which the plaintiff claimed title to the premises in question, failed to substantially comply with the provisions of the charter of the city of Elmira, as it contained a decidedly erroneous description of the premises of the defendant Lennox.

The cases of *Torrey* v. *Millbury* (21 Pick. 64) and *Litchfield* v. *City of Brooklyn* (13 Misc. Rep. 693), cited by the counsel for the appellant, were different from that under consideration. The errors of the assessors in those cases might well be deemed mere irregularities immaterial to the taxpayer. But in this case there was a

material error of the common council in making the order of sale under which the plaintiff claims title. It failed to comply with the directions of the statute, and the sale made in pursuance of said order was, we think, without authority and void.

The judgment should be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.