### ERSCHLER v. LENNOX et al.

(Supreme Court, Appellate Division, Third Department. December 2, 1896.)

TAXATION—LEGALITY OF TAX SALE—MISDESCRIPTION OF PROPERTY.

A sale of a lot for city taxes is invalid where the description of the lot in the order of sale made by the common council gives boundaries which include another lot not owned by the person for whose taxes the sale was ordered; the city charter (Laws 1875, c. 370), § 57, providing that, before any sale of land for taxes, an order shall be made by the common council, and entered on the records, "particularly describing the premises to be sold."

Appeal from Chemung county court.

Proceedings by Abraham Erschler against Lucy Lennox and Marshall Dunham to obtain possession of property under a tax deed. A final order of the city court of Elmira, dismissing the petition, was affirmed on appeal by the county court, and plaintiff appeals. Affirmed.

The plaintiff was the purchaser on a tax sale of the premises described in the petition, and asked for a final order to remove the defendants from such premises, according to the provisions of the charter of the city of Elmira and the Code of Civil Procedure. The defendant Lucy Lennox defended, and urged that the proceedings for the sale of her property for taxes, under which the petitioner claimed, were illegal and void; among other reasons, because the property was not properly assessed, in failing to show the quantity of land to be taxed, and was not particularly described in the order for sale made by the common council, and in all the proceedings subsequent, as provided for in the charter of the city of Elmira. In said city court the petition was dismissed, with costs, and an appeal was taken to the Chemung county court, and said order was affirmed, and the plaintiff appeals to this court.

The charter of the city of Elmira, among other provisions, contains the following:

"Sec. 48. The assessors appointed in the city of Elmira, as herein provided, shall perform all the duties thereinafter specified in relation to the assessment of property within said city, as well for the purpose of levying the taxes imposed by the board of supervisors of Chemung county as by the common council of said city. * * * The said assessors shall possess all the power and authority of town assessors, and shall make the assessment roll of said city in the same manner as such town assessors, under and in pursuance of the second article of the second title of the thirteenth chapter of the Revised Statutes, except as herein provided." Laws 1884, c. 535.

"Sec. 55. It shall be the duty of said chamberlain, upon all taxes remaining unpaid on the sixteenth day of October next succeeding the completion of the said assessment roll, or, in case of his inability for any cause to attend to the duties thereof in person, he is authorized to appoint one or more competent persons, who shall possess all the powers of said chamberlain, to levy the amount of said tax, and an additional amount of five per cent., and also interest at the rate of seven per cent. per annum, from the said fifteenth day of October, and the fees allowed for levy and sale on execution issued on justices' judgments, by distress and sale of the goods and chattels of the person assessed, or of any goods and chattels in his possession, wheresoever the same shall be found within said city. On or before the first day of December in each year, the said cham-

berlain shall transmit to the common council a true and correct account of all unpaid taxes in said roll, verified by his affidavit." Laws 1877, c. 52.

"Sec. 56. Every tax or assessment, for whatever purpose imposed or charged upon any real estate within the city by virtue of any provision of this act, shall be a lien upon the real estate so charged from the time of the filing of the roll containing the same with the clerk for two years after such filing; and if such tax or assessment shall be returned as unpaid by any officer authorized to collect the same, the common council may employ and direct an attorney or other proper officer to advertise and sell such real estate in the manner hereinafter provided. * * *

"Sec. 57. Before any such sale an order shall be made by the common council, which shall be entered at large in the records of the city, designating and directing the attorney or officers of the city to sell, and particularly describing the premises to be sold, and the owner or agent thereof, so far as the same is known to the common council, and the assessment for which the sale is to be made, a copy of which order shall be delivered to the officer so designated, who shall forthwith advertise the sale of said premises in the manner and for the time required in the case of sales of real estate on execution, and the sale shall be conducted in the same manner, except as herein provided. * * * All sales in such cases shall be made for the shortest period for which any persons will take the premises and pay the assessment, interest and expenses." Laws 1875, c. 370.

The property of the defendant Lucy Lennox was placed upon the assessment roll as "Lot No. 103 West Water street." The roll did not give and description of the premises or state the quantity of land assessed, and hence it was claimed by the respondents that the assessment was illegally made, in not complying with the provision of the statute requiring assessors, in making an assessment, to state in the second column of the roll the quantity of land to be taxed. In the order of sale made by the common council of the city of Elmira, the defendant's premises are described as follows: "All that lot or parcel of land situate in the First ward of the city of Elmira, N. Y., bounded and described as follows: On the east, by lands owned by Mrs. S. Fancher; on the north, by West Water street; on the west, by land owned by Mrs. George W. Wyckoff; on the south, by Chemung River; and known as 'No. 103 West Water Street.'" This description, it was conceded, was incorrect.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

George W. Buck (Richard H. Thurston, of counsel), for appellant. Baldwin & Baldwin (E. J. Baldwin, of counsel), for respondents.

PUTNAM, J. The authority of the common council of the city of Elmira to sell the premises of the defendant Lucy Lennox for taxes at the time in question was derived entirely from the statute. It is a familiar principle that "every statute in derogation of the rights of property, or that takes away the estate of a citizen, ought to be construed strictly." Sharp v. Speir, 4 Hill, 76. "Where lands are taken under a statute authority, in derogation of the common law, every requisite of the statute having the semblance of benefit to the owner must be strictly complied with." Sharp v. Johnson, Id. 92. It has been held that "all proceedings prescribed by law for the assessment of land for the purposes of taxation must be substantially, if not strictly, complied with. Whatever the legislature has specifically directed in this respect the courts may not declare immaterial." May v. Traphagen, 139 N. Y. 478, 34 N. E. 1064; Sanders v. Downs, 141 N. Y. 422, 36 N. E. 391; Westfall v. Preston, 40 N. Y. 349.

The plaintiff claimed title to the premises in question by authority of a tax sale made by the common council of the city of Elmira. As above suggested, such officers had no other authority to sell the premises of the defendant Lucy Lennox except as conferred by the charter of the city. That charter provided—First, that the assessors of the city should make an assessment roll in which the quantity of land assessed to the defendant should be stated; second, in case the tax against the defendant was not paid, the common council of the city were authorized to sell defendant's premises; but, "before any such sale, an order shall be made by the common council, which shall be entered at length in the records of the city, designating and directing the attorney or officers of the city to sell, and particularly describing the premises to be sold." In the assessment roll under which the plaintiff claims title it is conceded that the quantity of land to be taxed was not stated, and, in the order of sale made by the common council of the city the lot of Lucy Lennox was not correctly described. The description on the north and south was correct, but on the east the property was described as bounded by lands owned by Mrs. S. Fancher. The land east of defendant's premises was owned by Mrs. Fancher's son. She had a mere dower interest therein, unadmeasured, and hence had no estate in the land. Aikman v. Harsell, 98 N. Y. 186. The property on the west did not belong to Mrs. George Wyckoff, as incorrectly stated in said order, but to one Richardson, next west of whose lot was that of Mrs. Wyckoff. Hence the designation in the order of sale not only incorrectly described the defendant's lot on the east, but also on the west, and, in fact, included the lot owned by Richardson.

Without considering the question whether the tax sale made by the common council of the city should be deemed invalid by reason of the fact of the omission of the assessors to state in the assessment roll the quantity of land assessed, we are of the opinion that before the common council was authorized to sell the land of the defendant Lucy Lennox, in consequence of her failure to pay the tax assessed against her, they were compelled to make an order of sale containing a particular description of the premises. The statute expressly provides that, before a sale, such order containing such description shall be made. It will not be doubted that the description to conform to the statute must be substantially correct. The description covering the lot of the defendant to be assessed and another larger lot which she did not own, and describing both as the premises of the defendant Lennox, was not the particular description of her lot required by the statute. The error of the common council of the city in the description of the lot of the defendant Lennox contained in the order cannot be deemed immaterial. As said in May v. Traphagen, supra: "Whatever the legislature has specifically directed in this respect, the court may not declare immaterial." See, also, Tallman v. White, 2 N. Y. 66; Dike v. Lewis, 4 Denio, 237; In re New York C. & H. R. R. Co., 90 N. Y. 348; Zink v. McManus, 121 N. Y. 259, 24 N. E. 467. In Oakley v. Healey, 38 Hun, 244, three of the boundary lines of the lot in question were correct; but the plaintiff failed to locate the east line, and it was held that he was properly

defeated in the action.    In this case, in the order of the common
council, only two lines were correctly stated, while the description in
the order embraced the lot of Richardson, which it is conceded did
not belong to the defendant Lucy Lennox.

Counsel for the appellant calls our attention to the case of Van
Rensselaer v. Witbeck, 7 Barb. 133.    The decision in that case was
reversed by the court of appeals, but the question under considera-
tion was not passed upon by the latter court.    In that case a ques-
tion as to the description of the premises in the assessment roll was
considered in the supreme court, the plaintiff being a nonresident.
In his opinion, Harris, J., reached the conclusion that there was a
substantial compliance with the statute as to the description of the
premises taxed; but he expressed the opinion that the directions
of the statute in regard to an assessment roll are merely directory,
and that "to the owner it is a matter of indifference whether his lands
are assessed as the lands of a resident or a nonresident, or whether
they are described in the particular manner specified or not.    His
rights are not affected by the observance or the nonobservance of
the regulations of the statute."    We prefer to follow the doctrine
laid down in May v. Traphagen, supra, which we have already quot-
ed, and in which the court of appeals held that "all proceedings pre-
scribed by law for the assessment of land for the purpose of taxation
must be substantially, if not strictly, complied with.    Whatever
the legislature has specifically directed in this respect, the courts
may not declare immaterial."    We think the order of the common
council of the city of Elmira, under which the plaintiff claimed title
to the premises in question, failed to substantially comply with the
provisions of the charter of the city of Elmira, as it contained a de-
cidedly erroneous description of the premises of the defendant Len-
nox.

The cases of Torrey v. Inhabitants of Milbury, 21 Pick. 64, and
Litchfield v. City of Brooklyn, 13 Misc. Rep. 693, 34 N. Y. Supp.
1090, cited by the counsel for the appellant, were different from that
under consideration.    The errors of the assessors in those cases
might well be deemed mere irregularities, immaterial to the tax-
payer.    But in this case there was a material error of the common
council in making the order of sale under which the plaintiff claims
title.    It failed to comply with the directions of the statute, and
the sale made in pursuance of said order was, we think, without
authority, and void.

The judgment should be affirmed, with costs.    All concur.