(43 App. Div. 354.)

### DEVER v. HAGERTY et al.

(Supreme Court, Appellate Division, Second Department. October 3, 1899.)

1. EJECTMENT—GRANTEE'S RIGHT TO SUE—VOID DEED.

　　2 Rev. St. (9th Ed.) p. 1813, § 147, provides that a grant of land shall be void where the land is in the possession of a person claiming under a title adverse to the grantor; and Pen. Code, § 130, declares that a person making or receiving such grant is guilty of a misdemeanor. *Held* that, notwithstanding such provisions, a grantee under a deed from a former owner, who subsequently conveyed the property to the holder of a tax deed thereon, was entitled to maintain an action to recover the property in the name of the grantor, under Code Civ. Proc. § 1501, providing that an action to recover real property may be maintained by a grantee in the name of the grantor, where the conveyance is void because the property was held adversely to the grantor.

2. TAXATION—NOTICE OF SALE—INVALIDITY—MISDESCRIPTION—VOID SALE.

　　Laws 1883, c. 114, § 1, requires assessors to assess the amount to be levied on each parcel of land for arrearages of taxes, etc.; and section 2 provides that they shall record the block, lot numbers, and the amount charged against each parcel, and certify the amount to the registrar of arrears. Section 3 declares that on such certification the assessment

shall become due, and, if not paid, the registrar shall sell each parcel at auction, after notice describing the property by block and lot numbers. Section 4 requires him to give a deed of the property sold. *Held*, that where property formerly assessed as three lots under one assessment was sold as a single lot, and so described by the registrar's notice, such sale was invalid.

3. SAME—REDEMPTION NOTICE—MISDESCRIPTION.

Laws 1883, c. 114, § 3, provides that a registrar shall sell property for unpaid taxes, etc., after notice by advertisement designating the ward, block and lot numbers of the property, and section 4 requires him to give the purchaser a certificate of such sale. *Held*, in an action to set aside a tax deed, that where the record contained no copy of the advertisement, and the purchaser served a notice to redeem on the owner containing a misdescription of the property, it would be presumed that such misdescription was taken either from the advertisement or certificate of sale, and hence that such advertisement or certificate contained the same error.

4. SAME.

Laws 1883, c. 114, § 3, requires a registrar selling property for unpaid taxes, etc., to give the purchaser a deed, which shall be presumptive evidence of a good title, and such title shall not be defeated by reason of any irregularity or formal defect in the proceedings. *Held* that, where the advertisement and notice of sale contained a misdescription of the property, such error was material, and overcame the presumption of good title afforded by Laws 1883, c. 114, § 4, and hence a deed based on a sale thereunder was void.

Appeal from trial term.

Action by Maria A. Dever, suing for the benefit of Harriet A. Caulkins, against Michael H. Hagerty and others, to set aside a tax deed. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Walter R. Barnard, for appellants.
Walter G. Rooney, for respondent.

GOODRICH, P. J. Maria A. Dever for several years prior to May 12, 1886, was the owner of an irregular plot of land on Hamilton avenue in the then city of Brooklyn, containing several ordinary city lots. On that day the registrar of arrears sold it, on account of unpaid taxes, to the defendant Hagerty for $675, pursuant to chapter 114 of the Laws of 1883, entitled:

"An act concerning the settlement and collection of arrearages of unpaid taxes, assessments and water rates in the city of Brooklyn, and imposing and levying a tax, assessment and lien in lieu and instead of such arrearages and to enforce the payment thereof."

By a deed recorded September 19, 1888, the registrar conveyed the premises to Hagerty, who at once entered into possession of the premises, and so remained until the commencement of this action. On January 20, 1896, Maria A. Dever executed a deed of the premises to the defendant Hagerty. Prior to this, however, and on July 25, 1895, she had executed a deed to Harriet A. Caulkins; and it is conceded in the complaint that she was not, and that Hagerty was, then in possession of the premises, claiming under a title adverse to the plaintiff. This action was brought to recover the possession

of the premises, and for damages for the withholding of them from the owner. The court rendered judgment holding that the plaintiff, for the benefit of Harriet A. Caulkins, was owner in fee simple of the premises, and entitled to judgment for damages for withholding the same; and from this judgment the defendants appeal.

The defendant Hagerty contends that this action cannot be maintained, for the reason that it is provided by 2 Rev. St. (9th Ed.) p. 1813, § 147, that every grant of land shall be absolutely void where the land is in the actual possession of a person claiming under a title adverse to the grantor, and that this is re-enforced by section 130 of the Penal Code, which declares the person making or receiving such a grant to be guilty of a misdemeanor. But section 1501 of the Code of Civil Procedure provides that an action to recover real property or the possession thereof may be maintained by a grantee in the name of the grantor, where the conveyance is void because the property was held adversely to the grantor, and this action is thus brought and is maintainble under the section cited.

The theory of the action is that the sale of the premises by the registrar was irregular and void for the reason that the premises were not properly described in the assessment, certification, advertisement, and notice. This requires a more precise reference to the act. Section 1 requires the board of assessors to adjust and determine, "as to each parcel of land," how much of certain arrears of taxes, assessments, and water rates "ought in fairness and justice" to be levied and collected of such parcel. Section 2 requires the board of assessors to keep a record of their proceedings, "in which shall be entered their determination as to the amount to be charged and assessed upon and against each parcel of land as aforesaid, designating the same by the block and lot numbers on the assessment map in their office, and shall certify under the signatures of a majority of said board, the amount to the registrar of arrears." Section 3 provides that upon the delivery to the registrar of such certificate the amount of assessment "certified in respect to each and every parcel ∗ ∗ ∗ shall become due and payable," and, if not paid within 12 months, the registrar "shall sell said parcel at public auction," after giving notice thereof by advertisement, which "shall include a designation of ∗ ∗ ∗ the ward or wards in which the property then and there to be sold is situated, and shall state that further particulars of the property to be sold may be obtained at the said registrar's office, and it shall not be necessary in said advertisement to include any further particulars, of the property to be sold." The same section provides that it shall not be necessary to state in the list, advertisement, or any notice the name of the owner of the premises, or "to describe the premises affected otherwise than by the said block and lot numbers on the assessment map of the ward." Section 4 requires the registrar to give a deed of the premises within one year after the sale, under which deed the purchaser takes "a good and sufficient title in fee-simple absolute to the property sold, of which the said deed shall be presumptive evidence; and in any proceeding or action to be by such purchaser, his heirs, legal representatives or assigns, taken, prosecuted, or defend-

ed for the recovery of the possession of the property so sold as afore-said, or in the establishment or defense of his or their title shown as aforesaid by such deed, such title shall not fail or be defeated by reason of any irregularity or formal defect in the procedure taken under this act, upon which such sale shall have been made or such title conveyed as aforesaid." The record does not contain the determination of the assessors or the certification of the amount due, or a copy of the advertisement. There is, however, in the deed of the registrar, which is of record, a recital that such determination and certification had been made. The record contains the notice of the sale to Hagerty at public auction, and demand for payment of the purchase price, given by Hagerty. This is addressed to "Maria A. Vincent & Cornelius Dever, Owners; John Vincent, Mortgagee." It does not appear that either of the persons named in the notice was owner or mortgagee of the property, but the notice was personally served on Maria Dever, who, we assume, was the plaintiff. The notice describes the premises as "all that certain piece or parcel of land situate in the city of Brooklyn, and known and described on the assessment map of the 12th ward of said city as lot number 1, 2 & 3, on block number 90." It was stipulated at the trial "that this property was assessed to 1873 in one lot, and from 1873 to the present time that it was assessed according to the assessors' map in three lots, and but one assessment was made on the three lots, and that but one tax was levied on the three lots. It was assessed as one lot, one valuation being given, and one tax was laid on the three lots, and sold that way bv the registrar of arrears." The court found that the premises at the time of the sale and since 1868 were situated in the Twenty-Second ward.

We are thus brought first to the consideration of the sufficiency of the assessment of the premises as one lot. The design of the statute was to give fair notice of sale to the owners of the property. We think there is no evidence that the assessors complied with the provision that they should "fix, assess and determine as to each parcel of land" the amount to be levied thereon. Upon the assessors' map the premises in question were divided into three lots or parcels, which were designated as 1, 2, and 3, on block 90. It will be observed that the act makes constant reference to separate lots or parcels, as has been stated. If premises are laid out upon the assessment map in a parcel larger than the ordinary city lot, a designation of such parcel by number and block would be a compliance with the statute; but if the parcel is laid out in lots of any size, so that each lot has a lot and block number, the law requires the board of assessors to assess on each of such lots the amount due thereon, and to certify the same to the registrar, and such designation is to be carried through all the subsequent proceedings, including advertisement and notice to the owners to redeem, and a failure to do this constitutes a fatal defect. Such was the decision in Litchfield v. City of Brooklyn, 13 Misc. Rep. 693, 34 N. Y. Supp. 1090, where a similar question was considered; and, although that case was slightly different from the present one, yet it was distinctly held, on the authority of May v. Traphagen, 139 N. Y. 478, 34 N. E. 1064, that each lot must

be separately assessed.    It is true that in the present case the whole parcel was owned by one person, but such was the fact, also, in the Litchfield Case. '

In addition to this, the premises were described in the notice of sale which Hagerty served upon the plaintiff, Dever, as being in the Twelfth ward.    This was another error, as the court found that the premises since 1868 were located in the Twenty-Second ward.    I think we may assume, so far as Hagerty is concerned, that this description was taken either from the advertisement of sale, or the certificate of sale which by section 4 of the act is to be given by the registrar to the purchaser at the auction sale.    One of the objects of the statute was that owners of property should have ample notice of the time and place of the sale of their property, so that they might protect their interests therein.    It is reasonable to believe that an owner of property in the Twenty-Second ward which was to be sold under the statute would naturally examine simply that part of the advertisement which contained property situated in the Twenty-Second ward. If his property was not included therein, he would not be likely, and certainly would not be bound, to examine the entire advertisement, to see whether the property was advertised as being in some other ward; and, even if he did so examine the entire notice, a description reading, "Lot number 1, 2 & 3, in block 90," in the Twelfth ward, would not inform him. definitely that it referred to his property in the Twenty-Second ward, as there might be precisely similar reference to and description of lots in the Twelfth ward.    This misdescription was of vital importance in the proceedings which resulted in the sale, and constitutes another fatal defect therein.

The act of 1883 provides that the registrar's deed to the purchaser conveys a title in fee-simple absolute, and that the deed shall be presumptive evidence thereof in any proceeding or action for the establishment or defense of the title, and that "such title shall not fail or be defeated by reason of any irregularity or formal defect in the procedure taken under this act, upon which such sale shall have been made or such title conveyed as aforesaid."    This presumption in the present case is overcome by the evidence that the statute was not obeyed in the particulars already stated.    There is no copy of the deed in the printed record, but the deed itself was an exhibit, and has been examined by us.    It contains the same description as the notice of the sale, except that it describes the premises as situated in the Twenty-Second ward, while the notice describes them as being in the Twelfth ward.    The assessment and certification of the amount due on the whole plot as a plot, instead of an assessment of the amount due on each lot as laid down on the assessment map, is not a sufficient compliance with the statute; and as the assessment, certification, and notice by the particular designation of the assessment map were required by the statute, the defect is more than a simple "irregularity or formal defect," and the deed did not convey a title to the defendant.

For these reasons, we hold that the proceedings resulting in the sale were not a sufficient compliance with the provisions of the act in question, and that the deed of the registrar did not convey a title

to the defendant Hagerty.    It follows that the judgment should be affirmed.

Judgment affirmed, with costs.    All concur.