## JOSHUA C. SANDERS, Respondent, *v.* NATHAN DOWNS, Appellant.

As under the provisions of the act of 1873, in relation to the collection of taxes in the county of Suffolk (Chap. 620, Laws of 1873), the county treasurer's deed on sale of land for unpaid taxes is made conclusive evidence that the sale was regular, and presumptive evidence of the regularity of all prior proceedings, where such proceedings are, in fact, void, an action to cancel the deed, as a cloud on title, is maintainable.

It is essential to the validity of every assessment for the purposes of taxation that the statute under the authority of which it is made, should be complied with in every substantial particular.

In assessing unoccupied lands in said county belonging to plaintiff, who was a non-resident of the county, the name of plaintiff was inserted in the first column of the assessment roll, under the head of non-residents, and his place of residence was written under the name in that column. In all other respects the provisions of the statute in respect to the assessment of non-resident lands were complied with. (1 R. S. 390, §§ 9, *et seq.*) In the warrant attached to the roll the collector was commanded to collect from the persons whose names are inserted in the first column, "other than such persons as are named as a part of the description of the lands of non-residents." In an action to compel the cancellation of a deed given on sale of said lands for non-payment of the taxes, *held*, that the assessment was made in such form as, at least, to leave it open to doubt whether plaintiff's name was so entered as a part of the description of the lands, or for the purpose of including him among the taxable inhabitants; that there was not a substantial compliance with the statute, and so that plaintiff was entitled to the relief sought.

(Submitted February 6, 1894; decided February 27, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an

order made December 13, 1887, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This action was brought to perpetually enjoin defendant from entering upon and cutting and removing lumber from or in any way interfering with certain lands in the town of River-head, in the county of Suffolk, and that defendant be adjudged to surrender a deed of said premises issued to him by the county treasurer upon a sale thereof for taxes, and for such other and further relief as might be proper.

The facts, so far as material, are stated in the opinion.

*John L. Shirley* for appellant. The objection to the proceedings, on which defendant's title under the tax deed is based, is the insertion of the plaintiff's name and address in the first column of the roll, which it is asserted rendered the assessment invalid. This is untenable. (Laws of 1873, chap. 620; Laws of 1855, chap. 427; *Collins* v. *Long Island City,* 132 N. Y. 325.)

*J. C. Sanders,* respondent, in person. The assessment made by the assessors in 1882 against the *person* of the non-resident plaintiff, was without authority of law and void, and could not be the foundation of a valid tax; and the tax thereon, with which the supervisors assumed to charge the plaintiff, was also void. (2 R. S. [8th ed.] 1094, 1100, 1105; *People ex rel.* v. *Wemple,* 117 N. Y. 83, 84; *B. & S. L. R. R. Co.,* v. *Suprs.,* 48 id. 99, 101; *Newman* v. *Suprs.,* 45 id. 676; *Whitney* v. *Thomas,* 23 id. 281; *People ex rel.* v. *Oliver,* 1 T. & C. 571; *Stewart* v. *Chrysler,* 100 N. Y. 378; *Hilton* v. *Fonda,* 86 id. 346; *N. Y. & H. R. R. Co.* v. *Lyon,* 16 Barb. 651.) The assessment and tax being invalid, the county treasurer had no power or authority to sell and convey plaintiff's land therefor. His deed, therefore, to the defendant, was wholly void. (*Johnson* v. *Elwood,* 53 N. Y. 435; *Ritter* v. *Worth,* 58 id. 627.) The county treasurer's deed to the defendant, though, in fact, invalid, is on its face valid, and is made by the statute, under which he sold, "conclusive evi-

dence that the sale was regular, and also presumptive evidence that all the previous proceedings were regular " (§ 9, chap. 620, Laws of 1873), and is, therefore, a cloud on plaintiff's title to his land. (*Hilton* v. *Fonda,* 86 N. Y. 378; *Stewart* v. *Chrysler,* 100 id. 378.)

O'Brien, J.   The plaintiff in this .case sought relief against a sale of his land for taxes.   The defendant purchased the land at the sale and received a conveyance from the county treasurer pursuant to chapter 620 of the Laws of 1873.   The form of the action was to set aside the deed as a cloud upon the plaintiff's title, and as the deed is, by the ninth section of the statute, made conclusive evidence that the sale was regular, and presumptive evidence that all prior proceedings were regular according to the provisions of the act, an equitable action will lie if the proceedings are in fact void. (*Dederer* v. *Voorhies,* 81 N. Y. 156 ; *Guest* v. *City of Brooklyn,* 69 id. 506 ; *Clark* v. *Davenport,* 95 id. 477.)

The assessment by the town assessors, which is the foundation of all the proceedings, was made in 1882, and the only question is whether that was valid to confer jurisdiction upon the board of supervisors to levy the tax upon which the sale was made.   There is no dispute with respect to the facts and the question is purely one of law.   The defendant was not a resident of the town where the lands were situated, nor of the county the authorities of which assumed to collect it.   The lands, therefore, could be charged only under the provisions of the statute for the assessment of the lands of non-residents. They were unoccupied, and while the lands were taxable, no one could be subjected to a personal charge, as the assessors had no jurisdiction of the person of the owner not residing in the town.   It is essential to the validity of every assessment for the purposes of taxation that the statute, under the authority of which it is made, is complied with in every substantial particular.   The only warrant for the imposition of a tax or burden upon the citizen or his property without his consent, must be found in some positive law, and it cannot be

enforced unless imposed in the manner pointed out by the statute. The duties and powers of assessors in making up the assessment roll of the town, which is to be the basis of taxation, are clearly pointed out by statute and must be followed. (2 R. S. [8th ed.] p. 1097.) They have jurisdiction of both the person and the property of every resident of the town, and in such cases the entry of the name in the first column of the roll, in legal effect, signifies that the person and the property have been charged. They have also jurisdiction of the real property within their town of non-residents, but in such cases the statute forbids the insertion of the name of the owner in the first column among the taxable inhabitants of the town for the reason that the tax does not constitute a personal charge. The statute requires that a description of the lands be entered in the second column and the value in the next, and assessments against non-residents must be separated from the other assessments, though in the same roll. (§§ 12, 13.) All these provisions of the statute were complied with by the assessors, in making the assessment in question, except that the name of the plaintiff has been inserted in the first column of the roll as the owner of the land that was assessed and has been sold. True, his name appears under the head of non-residents, and his place of residence is written under the name in the first column, which plainly shows that he resided in another county. The assessors doubtless intended to assess the plaintiff's lands only, but the question is whether they have not, in fact, subjected him to a personal charge, and if they have, the assessment is void. We have not overlooked the fact that in the warrant delivered by the supervisors to the town collector of taxes, they have commanded him to collect the tax from the persons whose names are inserted in the first column of the roll by distress and sale, " *other than such persons as are named as a part of the description of the lands of non-residents described therein.*" There certainly can be no objection to the insertion of the name of the non-resident owner of lands in the second column for the purpose of describing or identifying the lands, and in many cases that may be necessary.

SICKELS—VOL. XCVI.

But the difficulty with this assessment is that it was made in such form as to leave it open to doubt, at least, whether the plaintiff's name is in the first column as a part of the description of the land, or for the purpose of including him among the taxable inhabitants. Had the name been inserted in the second column, with the description, the assessment would, no doubt, be entirely valid. But to hold that the assessment, as actually made, is a substantial compliance with the statute, we would be obliged to rest the proposition upon the uncertain and somewhat arbitrary inference that the name in the first column is part of the description of the land. The case is, doubtless, what may be termed a border one, and the deviation from the express directions of the statute providing for the manner of imposing taxes in such cases may appear to be slight, but the judgment below is sustained by the decisions of this court in cases that differ in no important element of fact from this. (*Stewart* v. *Crysler*, 100 N. Y. 378; *People* v. *Hagadorn*, 104 id. 516.) Any construction of the statute which would in any degree encourage erroneous, lax or careless methods of making up the assessment roll, would disturb the security with which the law guards private rights, and at the same time prove detrimental to public interests. If it was possible by any fine distinction to take this case out of the general rule applicable to assessments of this character, it would not be desirable to weaken or qualify by any such exception the safeguards which the legislature and the courts have erected against the invasion of property rights otherwise than in strict compliance with law.

The judgment should, therefore, be affirmed.

All concur.

Judgment affirmed.