(38 Misc. Rep. 566.)

PEOPLE v. BURKE.

(Court of General Sessions, New York County.   August, 1902.)

1. ABANDONMENT OF WIFE—DEPOSIT IN LIEU OF BAIL—DISPOSITION.

Defendant, because of his abandonment of his wife, was adjudged to pay $4 weekly for one year for her support, and on appeal from his conviction deposited $300 with the city chamberlain, instead of bond, and on affirmance of the judgment and his surrender of himself, moved that the entire deposit should be returned to him. *Held*, that he would be discharged from custody, but that the full sum would be retained for his wife's support, and the costs adjudged against him.

William H. Burke was adjudged guilty of abandoning his wife. Motion to direct city chamberlain to return to defendant money deposited by him in lieu of bond denied.

W. A. Sweetser, for the motion.

George L. Rives, Corp. Counsel (Herman Stiefel, of counsel), opposed.

FOSTER, J. This is a motion to direct the city chamberlain to return to the defendant money deposited by him in lieu of an undertaking. On March 26, 1902, the defendant was adjudged, for abandonment of his wife, to pay $4 weekly for the support of his wife. On the following day an appeal was taken and allowed upon the defendant giving a written undertaking in the sum of $300 to abide the order of the appellate court, and to pay such costs as might be awarded against him. Thereafter, in lieu of such undertaking, the defendant deposited $300 in cash with the city chamberlain, and was thereupon discharged from custody. Thereafter the appeal was duly heard, and the judgment of the court below was duly affirmed. The defendant thereupon surrendered himself, and upon the motion of the corporation counsel and the consent of the defendant and his counsel was committed pro forma by the court. By such affirmance the judgment of the court below became the judgment of this, the appellate court, and the defendant now stands ordered to pay for one year $4 a week for his wife's support. The money thus deposited stands in place of the defendant, and is, in effect, a payment in advance of the entire sum. The money so deposited is the money of the defendant for all the purposes of the action or proceedings. People v. Laidlaw, 102 N. Y. 588, 7 N. E. 910. While there may be no express statutory authority for making or receiving such cash deposit, it seems to have been in the interest of justice, and in avoidance of an unnecessary circuity of action, to accept it, and to apply it to the support of the wife, as required by the judgment of the court. I shall not order its return. The defendant should be discharged from custody, therefore, and the money applied to the support of the wife and the costs as adjudged, leaving the overplus only to be returned to the defendant.

Ordered accordingly.