ROWLEY v. CITY OF POUGHKEEPSIE.

(Supreme Court, Appellate Division, Second Department. June 23, 1905.)

TAXATION—ASSESSMENT TO NONRESIDENT OWNER—JURISDICTIONAL DEFECT—
    CURATIVE STATUTE.
        Under Laws 1896, p. 490, c. 425, § 69 (Poughkeepsie City Charter), providing that the tax roll shall be delivered to the city treasurer, with a warrant annexed, commanding him to levy and collect the several sums assessed against the persons therein mentioned, as provided by law for the collection of county taxes by town collectors, the assessment of property to a nonresident owner is a jurisdictional defect not cured by Laws 1904, p. 428, c. 234, relating to taxes in the city of Poughkeepsie, and correcting irregularities, omissions, or errors relating to the making of such assessments.

Appeal from Trial Term, Dutchess County.

Action by Charles P. Rowley against the city of Poughkeepsie. From a judgment for plaintiff, and from an order directing defendant to cancel certain certificates of tax sales, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and RICH, JJ.

Martin Heermance, for appellant.
Safford A. Crummey, for respondent.

WILLARD BARTLETT, J. At the time of the assessments which were attacked in this action the lands in question belonged to the plaintiff, Charles P. Rowley, and to Charles M. Rowley, as life tenants under the will of Addie V. Rowley. Neither of them resided in the city of Poughkeepsie or county of Dutchess. Nevertheless the property was assessed to Charles M. Rowley. The charter of the city of Poughkeepsie provided for the delivery of the tax roll to the city treasurer, with a warrant annexed, "commanding him to receive, levy and collect the several sums in the roll specified as assessed against the persons therein mentioned * * * in the manner provided by law for the collection and levying of county taxes by town collectors." Section 69 of chapter 425, p.

490, of the Laws of 1896. A similar mistake, in inserting the name of a nonresident in the assessment roll as the owner of the land assessed, was held to be fatal to the tax in Sanders v. Downs, 141 N. Y. 426, 36 N. E. 391. The learned judge who tried the case at bar has pronounced the error here to be a jurisdictional defect, and I do not see why he was not right, under the authority of that case. The defect being jurisdictional, it could not be remedied by the curative statute relied upon by the appellant (chapter 234, p. 428, of the Laws of 1904, relating to taxes on real estate in the city of Poughkeepsie). That act assumed, by its terms, to cure only "any irregularity, omission or error relating to the making of such assessments." It did not attempt to deal with assessments void for lack of jurisdiction, and would have been ineffective in that respect if it had done so. People ex rel. Barnard v. Wemple, 117 N. Y. 85, 22 N. E. 761; Hagner v. Hall, 10 App. Div. 581, 42 N. Y. Supp. 63, affirmed on opinion of Cullen, J., in court below, 159 N. Y. 552, 54 N. E. 1092.

The judgment is also supported by the fact that, during the years in which the assessments were made, the property was occupied by tenants who were residents of the tax district. Nevertheless it was assessed against Charles M. Rowley, instead of against these occupants, as the law required.

We find nothing in the conduct of the plaintiff which estops him from the prosecution of this suit, and we agree with the learned trial judge that, upon the pleadings and the stipulation as to the facts on which the case was submitted, the plaintiff was entitled to recover back the moneys which he had paid to the city on account of the assessments in question.

Judgment and order affirmed, with costs. All concur.