(114 App. Div. 888)

### LAWTON v. CITY OF NEW ROCHELLE.

(Supreme Court, Appellate Division, Second Department. July 24, 1906.)

TAXATION—ASSESSMENT ROLL—DESCRIPTION OF PROPERTY.

Under Laws 1892, p. 447, c. 202, which provides that the assessment roll shall consist of four columns, in the first of which shall appear the names of all taxable inhabitants, and in the second the quantity of land to be taxed to each person, assessments which merely described the property as lands and located it on a certain street were void, and all proceedings thereunder were void.

[Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Taxation, §§ 720–731.]

Appeal from Special Term, Westchester County.

Action by J. Warren Lawton against the city of New Rochelle. From an interlocutory judgment overruling defendant's demurrer to the complaint and allowing it 20 days in which to answer, it appeals. Affirmed, with costs.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

William D. Sawyer, for appellant.

William H. Maginnis (John Cummins, on the brief), for respondent.

WOODWARD, J.   The plaintiff since the year 1893 has been the owner of certain premises in the city of New Rochelle.   The defendant has from time to time attempted to levy and assess taxes upon the premises, and has attempted to sell the same, and this action is brought for the purpose of having these assessments set aside, as well as the sales which have been held in pursuance of an effort to collect such taxes, and to restrain all persons claiming an estate in the premises under title from the defendant's tax sales.   The defendant demurs to each of the 11 causes of action set forth in the complaint upon the ground that they do not state facts sufficient to constitute a cause of action.   The demurrer has been overruled in each cause of action, and the question presented upon this appeal is the ruling upon the question raised.

While there is some variation in the form of the assessment, the most of them upon which the defendant has assumed to act in reference to the plaintiff's premises are made up as follows:

| Description of Property. | Location. |
|:---:|:---:|
| Land. | Huguenot St. |

By the provisions of chapter 202, p. 447, of the Laws of 1892, the Revised Statutes are amended in reference to the making of assessment rolls, and it is provided that the assessment roll shall consist of four columns, in the first of which shall appear the names of all the taxable inhabitants of the town or ward, and in the second column the quantity of land to be taxed to each person.   In other words, it is essential to a valid assessment that there should be a statement of the quantity of land, or a description of the same which will enable all persons interested to point out and designate the particular land which is the subject of assessment, and in the absence of such an assessment there is no foundation for the advertisement and sale of the premises.   This is not only true because of the provisions of the statute, but because it is essential to that "due process of law" which our Constitution requires that where property is to be taken against the consent of the owner, either by taxation or through the power of eminent domain, there must be a description of the property intended to be taken.   Matter of, N. Y. C. & H. R. R. R. Co., 70 N. Y. 191, 193; Matter of Application of N. Y. C. & H. R. R. R. Co., 90 N. Y. 342, 348, 349; Zink v. McManus, 121 N. Y. 259, 265, 24 N. E. 467.   In the last case cited the designation or description was much more complete than anything that appears in the case at bar, and the court did not hesitate to hold that the assessment was so far defective as to prevent any title vesting in the purchaser at the comptroller's sale.   The court say:

"It would be difficult, even in a conveyance between individuals, to hold that the description contained in the comptroller's deed embraces or sufficiently identifies the land described in the complaint.   In proceedings in invitum, where public officers undertake to convey, under statutory power, the property of individuals, such a description is fatally defective."

This seems to us to be decisive of the question raised by the demurrer here under consideration. None of the assessments describes or points out the premises of the plaintiff, or tells how much land they contain, and, as the assessment was void in the first instance, all subsequent steps by which it was sought to divest the plaintiff of his property were of no effect, and there is nothing in the charter of the defendant which relieves it, or attempts to relieve it, of the duty and obligation of making a valid legal assessment as the foundation of its proceedings against private rights of property.

The interlocutory judgment appealed from should be affirmed, with costs, and the order permitting the defendant to answer should not be disturbed, as there may be matters which will tend to raise an issue, although under the facts as admitted by the demurrer there can be no doubt of the plaintiff's right to relief.