## NOXON v. CITY OF NEW ROCHELLE (seven cases).

(Supreme Court, Special Term, Westchester County. April, 1909.)

1. MUNICIPAL CORPORATIONS (§ 479*)—PUBLIC IMPROVEMENTS—SPECIAL ASSESSMENTS—DESCRIPTION OF PROPERTY.
  New Rochelle City Charter (Laws 1899, p. 242, c. 128) § 222, provides that "every assessment roll shall be considered as referring to the last official map of the locality, unless it is otherwise stated therein." At the time plaintiff's property was assessed, there was a map on file in the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

office of the register of the county, which was not shown to be official, showing 15 lots fronting on Morris street, New Rochelle. Plaintiff's property was entered on the assessment roll as a "House and Lot," and "Lot," under the heading "Description of Property," and under the heading "Location" was "Morris Street." *Held*, that the assessment was void for want of adequate description of the property.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1128; Dec. Dig. § 479.*]

2. CONSTITUTIONAL LAW (§ 290*)—DUE PROCESS OF LAW—ASSESSMENTS FOR LOCAL IMPROVEMENTS. ·

Under the constitutional provisions as to due process of law, a municipal assessment which describes the property assessed as a "House and Lot," or "Lot," located on "Morris Street," is insufficient, although there is a map on file in the office of the register of the county which shows 15 lots fronting on Morris street.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 871–875; Dec. Dig. § 290.*]

Seven actions by Olive M. Noxon against the City of New Rochelle. Judgment for plaintiff.

Charles H. Noxon, for plaintiff.

Michael J. Tierney, for defendant.

MILLS, J. These are seven actions, each brought to set aside an assessment by the defendant on certain lands belonging to the plaintiff and situated on Morris street in the city of New Rochelle, and the various subsequent proceedings of the city authorities based upon such assessment. The contention of the plaintiff is, in each case, that the assessment is void for want of sufficient description of the property.

There does not appear to me to be any substantial distinction between these cases and the case of Lawton v. City of New Rochelle, 114 App. Div. 883, 100 N. Y. Supp. 284, recently decided by the Appellate Division of this (the Second) Department, in which that court unanimously held the assessments therein questioned to be void for want of adequate description. In that case the entries upon the assessment roll were:

| Description of Property. | Location. |
| --- | --- |
| Land. | Huguenot Street. |

In these cases the entries under the corresponding headings are: "House and Lot," or "Lot," and "Morris Street." The only difference is that under the designation "Description of Property" the entry in each of these cases is "Lot" or "House and Lot," instead of "Land" in that case.

The learned counsel for the defendant suggests that a substantial distinction may and should be based upon the provision in section 222 of the charter of the city of New Rochelle (chapter 128, p. 242, of the Laws of 1899), which provides that "every assessment roll

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

shall be considered as referring to the last official map of the locality unless it is otherwise stated therein," and upon the fact that there was, at the time when such assessments were made, a map on file in the office of the register of Westchester county, which showed lots fronting on Morris street, New Rochelle, and showed the dimensions thereof.

The sufficient answers to this contention seem to be: (1) That such map was never adopted by any authority of the city as an official map, and therefore cannot be regarded as such; and (2) that, even if such reference to that map may be implied, still the lot intended to be assessed would not be located by such reference so as to be capable of definite description.

As to the former point or answer, it may be said that the city charter does not clearly define what it means by the term "official map" in section 222. The briefs of counsel do not call the attention of the court to any provision of that charter expressly authorizing the common council, or any other officer or officers of the city, to adopt any map as official; and the court, upon examination of the charter, does not find any such provision. Perhaps the power so to do is to be implied as one of the general powers of the common council. The map offered in evidence by the defendant and above referred to was evidently filed in the register's office by a private individual, the owner of land, to show his subdivision of the same into building lots, and doubtless has been, as is customary, since its filing, repeatedly referred to in conveyances of such lots. It is not perceived how such a map can in any sense be deemed an official map. It is no more such than any one of the deeds of the original owner after being recorded in said office.

As to the second point or answer above made, it should be noted that said map shows 15 different lots fronting on Morris street, and numbered, respectively, 2, 4, 6, 8, 10, 12, 14, 16, 18, 20, 22, 24, 26, 28, and 30, of which 14 appear by the map to be of the same dimensions; the other one appearing thereby to be much larger. The plaintiff's lots are No. 6 and the easterly half of No. 8. To which one of the 15 the assessment is intended to apply such reference to that map cannot determine. As the Appellate Division held in the Lawton Case, supra, regardless of any statutory provision, the constitutional requirement of "due process of law demands that the assessment roll contain a description of the property sufficient to identify the land intended to be assessed." In these cases the description given in the assessment roll, even if helped out by such reference to that map, identifies the property only as one of 15 lots fronting on Morris street, all of which are not of the same size. Such description appears to be fatally defective for the same reasons as those assigned in the opinion of the Appellate Division in the Lawton Case, supra.

I do not think that the evidence establishes any such acquiescence on the part of the plaintiff in the manner of the assessment that it could be found, within the doctrine of Brown v. Otis, 98 App. Div. 554, 90 N. Y. Supp. 250, as claimed by defendant's counsel, that plaintiff has waived the right to take objection to the defect. Respecting

the authority cited, it may be noted that the case, under the title of Brown v. McKie, went to the Court of Appeals, and that the order of the Appellate Division was there modified (185 N. Y. 303, 78 N. E. 64) upon the substantial ground that the question decided by the Appellate Division was not involved in the record. The decision of the latter court was not unanimous; two of the justices dissenting. Considering the Lawton Case as controlling in these cases, I therefore decide that in each of these cases the plaintiff is entitled to judgment canceling the assessment and the subsequent proceedings of the city based thereon.

As the same question is involved in and controls each of the seven cases, the plaintiff is allowed costs only in action No. 1.