RUPERT v. VILLAGE OF NORTH PELHAM.

(Supreme Court, Appellate Division, Second Department. June 29, 1910.)

1. TAXATION (§ 728*)—ASSESSMENT ROLL—DESCRIPTION OF PROPERTY—TAX SALE—PURCHASER—TITLE OF.

The description of property on an assessment roll limits the title of the purchaser of the property at a tax sale.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1457–1461; Dec. Dig. § 728.*]

2. TAXATION (§ 421*)—ASSESSMENT ROLL—DESCRIPTION OF PROPERTY—SUFFICIENCY OF.

The description of property on an assessment roll of a house and lot, No. 54, to be taxed in the name of Effe V. B. Rupert, was insufficient, as not being reasonably certain.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 720–735; Dec. Dig. § 421.*]

3. TAXATION (§ 541*)—PAYMENT UNDER DURESS—RECOVERY.

The defendant village sold plaintiff's property for taxes, the sale being invalid for uncertainty of description on the assessment roll, and instituted suit to remove him from the premises, which was dismissed by consent, and thereafter notice to surrender the property preparatory to a new summary proceeding was served on him. *Held*, that the payment by the plaintiff to the defendant, under such circumstances, of the amount that the property sold for, was under coercion.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1002; Dec. Dig. § 541.*]

Carr, J., dissenting in part.

Appeal from Special Term, Westchester County.

Suit by Effe V. B. Rupert against the Village of North Pelham. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

Edgar C. Beecroft, for appellant.

Milo J. White, for respondent.

JENKS, J. This is an appeal from a judgment of the Special Term that gives judgment for the plaintiff in her action to declare a tax void and to recover the tax paid. The assessment roll as read in evidence is as follows:

Assessment Roll of the Village of North Pelham, Town of Pelham, Westchester County, N. Y.—Resident property, 1904.

| Name. | Quantity of Land | Full value of land. | Personal Property. | Amount of Tax. | Remarks. |
|-------|------------------|---------------------|--------------------|-----------------|----------|
| Rupert, | House and Lot No. 54 | $3,000 | | $27.45 | Paid June 4th, 1908, A. W. S. |

A proper description or designation of the property is essential to the validity of a tax thereon, and such description is said to mark "the first step, and cannot be departed from at any subsequent stage

of the procedure. It is intended to be notice to the owner of the burden cast upon his lands, and limits the title of a purchaser whose bid discharges the obligation which the owner neglected to fulfill." Matter of Application of N. Y. C. & H. R. R. Co., 90 N. Y. 348. Cooley on Taxation (2d Ed.) p. 405, says:

"The purposes in describing the land are, first, that the owner may have information of the claim made upon him or his property; second, that the public in case the tax is not paid may be notified what land is to be offered for sale for the nonpayment; and, third, that the purchaser may be enabled to obtain a sufficient conveyance."

I think that upon the record the description is insufficient. We have the description of a house and lot to be taxed in the name of Effe V. B. Rupert, but beyond that nothing definite save the words and figures "No. 54," which show nothing certain beyond the fact that a number is given in the roll to that house and lot. While it is not essential that the description in the assessment roll be complete, it at least must be made reasonably certain by some reference stated in the assessment roll, or in some way incorporated in it. In other words, there must be some indication therein by which No. 54 can be certainly referred to some authenticated record, map, plat, or the like. Pink v. Barberi, 17 Wkly. Dig. 521; 27 Am. & Eng. Ency. of Law (2d Ed.) p. 684. The defect is illustrated in this case by contrast with the description of the property sold, which is:

"House and lot 54 in said Village of North Pelham, as shown on a certain map, entitled 'Map of Pelhamville, Weschester County, N. Y.,' dated August 4, 1851, made by William Bryson and filed in the office of the Register of Westchester County."

It may be that such reference was contained in the assessment roll, but we have no evidence thereof. I think that the payment was under coercion. Peyser v. Mayor, 70 N. Y. 497, 26 Am. Rep. 624. It appeared that the defendant advertised to sell and did sell the property for the taxes thereon for the years 1904, 1905, 1906, and 1907 in one sale; that an attempted lease pursuant to such sale was executed to the defendant; and that the defendant instituted in the justice's court a summary proceeding under the statute (Village Law [Consol. Laws, c. 64] § 123) to recover possession of the premises and to remove plaintiff therefrom under and pursuant to the alleged rights under the certificate of sale. Such proceeding was dismissed by consent, and thereafter notice to quit and surrender said premises preparatory to a new summary proceeding was served on the defendant, and thereafter the plaintiff paid to the defendant $204.92, the amount claimed by the defendant under the said alleged certificate of sale issued by the defendant's treasurer to the defendant on the 28th of February, 1908, for the premises of the plaintiff; that being the amount of alleged taxes on the alleged premises of the plaintiff for each of the years 1904, 1905, 1906, and 1907, with the interest, penalty, and expenses thereon. In Phelps v. Mayor, etc., of New York, 112 N. Y., at page 222, 19 N. E., at page 410 (2 L. R. A. 626), the court say:

"If the tax or assessment is patently illegal and its payment is coerced, an action on the equity side of the court to have it declared void and the moneys paid returned would be a proper form of remedy; but, lacking the element

of coercion, in the form of a duress of person or property, payment must be held to be voluntary."

The judgment must be affirmed, with costs.

BURR, THOMAS, and RICH, JJ., concur.

CARR, J. I dissent. The tax was void on its face. I do not think that the beginning of summary proceedings under section 123 of the village law constituted duress. The village law does not make the certificate of sale presumptive evidence of the regularity of the assessment. The owner could easily defeat the proceeding by challenging the legality of the tax. In my judgment there was no legal duress. Furthermore, the moneys were paid by the mortgagee, which brings this case within the rule declared in Phelps v. Mayor, 112 N. Y. 216, 19 N. E. 408, 2 L. R. A. 626, where this circumstance is pointed out as important.