## FRENCH v. CITY OF NEW ROCHELLE.

(Supreme Court, Appellate Division, Second Department.   November 18, 1910.)

1. TAXATION (§ 421*)—ASSESSMENTS—DESCRIPTION OF LAND—QUANTITY.

Property attempted to be assessed for taxes was variously described as "land," "plot of land," and "plot of land 600x600," located in each instance at "Webster & Winyah Aves."   *Held*, that such descriptions were fatally defective for failure to point out the quantity of land proposed to be assessed, as required by the tax law, which requires a statement of the number of acres, or number of square feet or rods, of land, or a description of a lot, in case the quantity of land is ascertainable by reference to an official map or some other proper means; the figures "600x600" being insufficient for failure to show whether 600 feet, yards, or rods were intended.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 720–735; Dec. Dig. § 421.*]

2. TAXATION (§ 500*)—ASSESSMENT—OBJECTION—ESTOPPEL.

Where, in a suit to set aside certain tax assessments, there was no evidence that plaintiff's attention was ever called to them, or that she ever took any action which warranted defendant in believing that she acquiesced therein, she was not estopped to question their validity, for insufficiency of description of the property.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 500.*]

3. TAXATION (§ 500*)—INVALID ASSESSMENT—VACATION IN EQUITY.

A suit in equity will not lie to set aside an assessment as a cloud on title, where the defect appears on the face of the assessment roll.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 925; Dec. Dig. § 500.*]

4. TAXATION (§ 500*)—INVALID ASSESSMENT—VACATION—STATUTORY ACTION.

Where plaintiff's land had been assessed for taxes for several years, though the assessments were wholly insufficient on their face, plaintiff yet was entitled to institute a statutory action to have them vacated, under Code Civ. Proc. § 1638, providing that an owner may maintain an action to compel determination of a claim to his property, adverse to him, including a lien or incumbrance thereon of the amount or value of not less than $250.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 925; Dec. Dig. § 500.*]

Appeal from Special Term, Westchester County.

Action by Ida L. French against the City of New Rochelle to set aside certain assessments for taxes.   From a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, JENKS, and THOMAS, JJ.

Michael J. Tierney, for appellant.
Herbert H. Kellogg, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WOODWARD, J. The plaintiff brings this action under the provisions of article 5, tit. 1, c. 14, of the Code of Civil Procedure, to compel the determination of a claim to real property, and the learned court at Special Term has given judgment in favor of the plaintiff, declaring null and void certain assessments made by the defendant, under which the plaintiff's property has been sold from year to year, dating back to 1900 and coming down to 1907. The complaint sets forth seven causes of action in the manner and form prescribed by section 1639 of the Code of Civil Procedure, and asks that the sales, which have been made to the city of New Rochelle under these assessments, shall be set aside and annulled, on the ground that the assessments attempted to be made did not properly describe the property.

It is conceded: That the assessments as made by the assessors of the city of New Rochelle in the causes of action numbered 1, 2, and 3, in so far as they attempted to describe the property, were as follows:

| "Description of Property | Location |
| Land | Webster & Winyah Ave." |

That the description in the assessment contested in the sixth cause of action was as follows:

| "Description of Property | Location |
| Plot of land | Webster & Winyah Aves." |

That the description in the causes of action numbered 4 and 5 were as follows:

| "Description of Property | Location |
| Plot of land 600x600 | Webster & Winyah Aves." |

And the description in the seventh cause of action is the same as the last above, except that it omits the words "plot of" and merely says "land 600x600."

Clearly none of these assessments point out to any one the "quantity" of land which it is proposed to assess, as that term is understood in the tax law (Consol. Laws, c. 60). The statute requires a statement of the number of acres, or the number of square feet or rods, of land, or a description of a lot; the quantity of land being ascertainable by reference to an official map, or by some other proper means, so that the property shall be described and pointed out. Fixing the location "Webster & Winyah Aves." is no aid. There are four corners of Webster and Winyah avenues, and no one looking to the description in the assessment roll would be able to tell which corner or how much land. Even in the cases where the land is described as "600x600," there is nothing to tell us whether this is 600 feet, 600 yards, or 600 rods; and under the rule which we laid down in the case of Lawton v. City of New Rochelle, 114 App. Div. 883, 100 N. Y. Supp. 284, the assessment is utterly void. See Allter v. Village of St. Johnsville, 130 App. Div. 297, 301, 114 N. Y. Supp. 355, citing approvingly the Lawton Case.

It is perfectly true, as Bussing v. City of Mt. Vernon, 198 N. Y. 196, 205, 91 N. E. 543, and Sanders v. Village of Yonkers, 63 N. Y. 489, hold, that an action in equity will not lie to set aside an assess-

ment as a cloud upon title where the defect appears upon the face of the assessment roll, as in this case; but the complete answer to this is that this is not an action depending upon equitable rules, but is one governed by statute. The plaintiff must, by pleading and proof, bring the action within the terms and conditions of the statute (Lewis v. Howe, 174 N. Y. 340, 343, 66 N. E. 975, 1101, and authorities there cited), and when this has been done the plaintiff is entitled to relief. This action is one which has been provided for by statute for many years (King v. Townshend, 78 Hun, 380, 381, 382, 29 N. Y. Supp. 181), and has frequently been called into operation in reference to cases of this kind. A case exactly in point is that of Loomis v. Semper, 38 Misc. Rep. 567, 78 N. Y. Supp. 74, the headnote of which reads:

"An owner may maintain an action under Code Civ. Proc. § 1638 et seq., to compel a determination of a claim to her real property, where the defendant has purchased it for unpaid taxes amounting to $35 and will in the absence of redemption acquire an absolute title in two years from the sale."

This was a Special Term case, it is true; but it was decided in 1902, and no appeal has been taken, nor has the decision been questioned. The case of Burnham v. Onderdonk, 41 N. Y. 425, decided under the old Code of Procedure, afterward embodied in the Code of Civil Procedure (King v. Townshend, supra), involved a similar question, the defendant claiming title under two certificates of sale of lots involved in the assessment; and while it is true that one of the judges writing held that the question of whether a claim under a certificate of sale for taxes was one to come within the statute, Daniels, J., distinctly asserted that the claim was one such as might properly be litigated under the provisions of the law as it then stood.

The case of Lawton v. City of New Rochelle, supra, necessarily involved the question, though it was not argued or decided; but we are of the opinion that the result would not have been different if the question had been raised. The statute certainly in terms is broad enough to cover an action of this character, and no good reason suggests itself why this court should disclaim jurisdiction to determine the question.

We think there is no merit in the suggestion that the plaintiff is estopped to assert the invalidity of these assessments. There never were any valid assessments, and there is no evidence that the plaintiff's attention was ever called to them, or that she ever took any action which warranted the defendant in believing that she acquiesced in the assessments as made. Brown v. Otis, 98 App. Div. 554, 90 N. Y. Supp. 250, had to do with a very different state of facts.

The judgment appealed from should be affirmed, with costs. All concur.