(93 Misc. Rep. 597)

SCHERMERHORN et al. v. ALBANY SYNDICATE.

(Supreme Court, Trial Term, Rensselaer County. February, 1916.)

1. TAXATION ☞421(7)—ASSESSMENTS—DESCRIPTION OF PROPERTY.

Under Tax Law (Consol. Laws, c. 60) § 21, subd. 2, as amended by Laws 1911, c. 315, and Laws 1912, c. 266, providing that in the assessment roll with respect to real property there shall be set down in the second column a description of the property sufficiently accurate to identify it, and in the third column a statement of the approximate quantity of the property or of its linear dimensions, an assessment of a house and lot, giving the street, without further description or statement of the size of tract, is void.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 729, 730; Dec. Dig. ☞421(7).]

2. TAXATION ☞799—TAX TITLE—DETERMINATION—NATURE OF CLAIM.

Under Code Civ. Proc. §§ 1638, 1639, authorizing an action by a person in possession of land to compel the determination of an adverse claim, such an action may be maintained to determine a claim under a tax deed, though the assessment on which it is based is void on its face.

[Ed. Note.—For other cases, see Taxation., Cent. Dig. §§ 1584, 1585; Dec. Dig. ☞799.]

Action by J. Stearns Schermerhorn and another against the Albany Syndicate. Judgment for plaintiffs.

Edgar L. Ryder, of New York City (Lester T. Hubbard, of Albany, of counsel), for plaintiffs.

Du Bois & McDermott, of Albany, for defendant.

CHESTER, J. The action is one brought under sections 1638 and 1639 of the Code of Civil Procedure to compel the determination of a claim to real property. The plaintiffs, who are the heirs at law of

Lucy J. Schermerhorn, deceased, have been in possession since 1901, as tenants in common, of the premises described in the complaint, which are located on the east side of Main street in the village of Castleton. The defendant is the grantee in a tax deed from the treasurer of Rensselaer county, dated October 1, 1914. The deed was made under a tax sale for the nonpayment of a tax under an assessment made by the assessors of the town of Schodack for the year 1912. The assessment, so far as material here, appears in the assessment roll, as follows:

"834, Schermerhorn, Lucy J., estate of, Main St. H. and lot, value $2,200, Village of Castleton."

[1] Subdivision 2 of section 21 of the Tax Law (Laws 1909, c. 62, as amended by Laws 1911, c. 315, and Laws 1912, c. 266) provides that in the assessment roll with respect to real property there shall be set down in the second column a description of the property "sufficiently accurate to identify the same," and in the third column a statement of the "approximate quantity" of the property or "a statement of the linear dimensions thereof." The claim of the plaintiffs is that the assessment is void by reason of the failure of the assessors to comply with these provisions of law. There is absolutely no statement in the assessment roll giving the approximate quantity of the land assessed nor any description of it sufficient to identify it. The tax deed under the law must follow the assessment, and can only convey such property as is described in the assessment roll. The deed, following, as it does, the assessment, contains no description of the property, nor statement of the size of the lot, whereby the particular house and lot on Main street in the village of Castleton can be located or identified. Assessments of that character have universally been held to be void. Matter of New York Central & Hudson River R. R. Co., 90 N. Y. 342; Lawton v. City of New Rochelle, 114 App. Div. 883, 100 N. Y. Supp. 284; Zink v. McManus, 121 N. Y. 259, 24 N. E. 467.

[2] The defendant does not seriously contest the invalidity of the assessment, but it insists that the plaintiffs have mistaken their remedy. The claim of the defendant is that the complaint should be dismissed, as not stating a cause of action, for the reason that equity will not sustain an action to set aside as a cloud upon the title a tax which is void upon the face of the record. That principle is sustained in the case of Allter v. Village of St. Johnsville, 130 App. Div. 297, 114 N. Y. Supp. 355, upon which the defendant especially relies.

But this is not an action in equity. It is an action under the statute. Code Civ. Proc. § 1638. That section as it has been enlarged and amended is now broad enough to authorize just such an action as this. It is not essential under that section that there should be a cloud upon the title, for it now authorizes an action by a person who has been in possession of real property for one year, to compel the determination of *any claim* adverse to that of the plaintiff which the defendant makes or which it appears from the public records or from the allegations of the complaint the defendant might make to an estate in that property in fee, or for life, or for a term of years not less than ten, or to any interest therein. While the action possesses some of the elements of

an ordinary action in equity, yet the section of the Code referred to has provided a statutory remedy which the plaintiffs have followed and which they had the right to follow in this action. French v. City of New Rochelle, 141 App. Div. 8, 125 N. Y. Supp. 677; Loomis v. Semper, 38 Misc. Rep. 567, 78 N. Y. Supp. 74. The case does not therefore depend upon equitable principles but upon the statute and therefore the cases holding that an action in equity cannot be brought to set aside an assessment which is invalid upon its face do not apply.

The plaintiffs are entitled to judgment for the relief demanded in the complaint.

Judgment for plaintiffs.