## RHINEHART et al. v. O'CONNOR.

(Supreme Court, Appellate Division, Second Department. April 14, 1916.)

1. TAXATION ☞764(1)—TAX SALES—DESCRIPTION—UNCERTAINTY.

　　Where the description of land sold for taxes bounded it on the west side by a highway, which was, in fact, within the land and on the south by a highway, which was so wrong that the side line could not be fixed after occupation, the deed is invalid, since a sale under assessment for taxes must be construed strictly, so as to identify the land sold.

　　[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1519; Dec. Dig. ☞764(1).]

2. TAXATION ☞788(3)—TAX SALES—EFFECT OF RECORDING DEED—UNCERTAIN DESCRIPTION.

　　Under Tax Law (Consol. Laws, c. 60) §§ 131, 132, providing for the conveyance of land sold for taxes and the recording thereof, which conveyance, when recorded, creates a presumption, conclusive after two years, of the regularity of the proceedings, the recording of a tax conveyance, in which the description is insufficient to identify the land, does not aid the conveyance.

　　[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1559; Dec. Dig. ☞788(3).]

Appeal from Trial Term, Nassau County.

Action by George W. Rhinehart and others against Charles O'Connor. Judgment for plaintiffs, and defendant appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, MILLS, and PUTNAM, JJ.

Henry L. Maxson, of Hempstead, for appellant.

Albin N. Johnson, of Freeport (Charles H. Stoll, of Hicksville, on the brief), for respondents.

PER CURIAM. [1] The boundaries of the lands attempted to be described are vague and indefinite on the southern and western sides of the lands assessed. An assessment for taxes and a sale under it, taking effect as an execution of a statute power, must be construed strictly, so as to identify the land and fix its size and location. Here the west bound was upon a so-called highway within the land, and not properly bounding it. The southern bound on the highway, as stated, is hopelessly wrong, so that that side line cannot be fixed, even after the tax purchase and attempted occupation. At the trial the defendant grantee admitted that he had not ascertained where his southern bounds ran. This is inadequate. Erschler v. Lennox, 11 App. Div. 515, 42 N. Y. Supp. 805; Oakley v. Healey, 38 Hun, 244; Blackwell, Tax Titles, § 765.

[2] Such an insufficient description is not helped out by recording, under Tax Law, §§ 131, 132. Zink v. McManus, 121 N. Y. 259, 24 N. E. 467; Peterson v. Martino, 210 N. Y. 412, 420, 104 N. E. 916.

The judgment is therefore affirmed, with costs.