Michael A. McInnis, Plaintiff, *v.* City of New Rochelle, Defendant.

(Supreme Court, Westchester Special Term, March, 1917.)

Taxes — what assessment roll should contain — city of New Rochelle — Tax Law, § 21(2).

Due process of law demands that an assessment roll contain a description of the property sufficient to identify the land intended to be assessed.

Under the provision of the charter of the city of New Rochelle which requires that property shall be designated or described on the assessment roll with reasonable certainty, and

the requirement of section 21(2) of the Tax Law that assessment rolls shall state " the quantity of real property taxable to each person," an assessment on a house and lot as " No. 33 Woodbury street " is insufficient.

ACTION to cancel certain taxes and assessments.

Michael J. Tierney, for plaintiff.

Edward W. Davidson, for defendant.

YOUNG, J.   This action is brought pursuant to section 1638 of the Code of Civil Procedure to compel the determination of a claim to real property.   The object of the action is to procure a judgment declaring illegal and void the liens for certain unpaid taxes and assessments appearing against plaintiff's real property upon the records of the city of New Rochelle; and the ground of illegality is claimed to be that the property is insufficiently described on the assessment rolls upon which said assessments are based.   The assessments complained of are in the following form upon the assessment rolls of the city:

| Roll of | Tax of | NAME | Description of property | Location | Full value of land | Tax |
|---|---|---|---|---|---|---|
| 1900 | 1901 | Dunn, Daniel | House and lot..... | 33 Woodbury st... | 700 | 15.98 |
| 1901 | 1902 | "     " | "     " | "     " | 700 | 24.94 |
| 1902 | 1903 | "     " | "     " | "     " | 800 | 18.50 |
| 1906 | 1907 | "     " | "     " | "     " | 1,000 | 24.62 |

The charter of the city of New Rochelle, chapter 128 of the Laws of 1899, under which the assessments were levied, required that properties be designated or described on the assessment roll with reasonable certainty, and the General State Tax Law upon the subject (Laws of 1909, chap. 62, § 21, subd. 2; Cons. Laws, chap. 60), requires that the assessment rolls shall state " the quantity of real property taxable to each person

with a statement thereof in such form as the commissioners of taxes shall prescribe.'' The exact requirement of the statutes upon the subject, however, is not so important, as the courts have repeatedly held that '' due process of law '' demands that the assessment roll contain a description of the property sufficient to identify the land intended to be assessed.

The question therefore for decision is, whether the assessments in the form made describe the property assessed with definiteness sufficient to satisfy the constitutional requirement.

In *Noxon* v. *City of New Rochelle,* 63 Misc. Rep. 232, the description was '' house and lot, Morris Street,'' and Mills, J., held this description insufficient following the decision in *Lawton* v. *City of New Rochelle,* 114 App. Div. 883.

In *French* v. *City of New Rochelle,* 141 App. Div. 8, the description was '' land Webster and Winyah Avenues; * *· * Plot of land Webster and Winyah Aves.; * * * Plot of land 600 by 600 Webster and Winyah Aves.,'' and '' and 600 by 600 Webster and Winyah Ave.'' These descriptions were held insufficient, the court holding that they did not point out the quantity of land under the Tax Law; that the statute required a statement of the number of acres or square feet or rods or a description of the plot, the quantity of land being ascertainable by reference to an official map or by some other proper means so that the property shall be described and pointed out. In *Rupert* v. *Village of North Pelham,* 139 App. Div. 302, the property was assessed under the name of '' Rupert Effe,'' and in a column headed '' Quantity of land '' it was described as '' House and Lot No. 54.'' This was also held insufficient. The court said that there was nothing definite in this assessment save the words and figures No 54, which showed nothing certain beyond the fact

that a number was given on the roll to the house and lot, and added: "While it is not essential that the description in the assessment roll be complete, it at least must be made reasonably certain by some reference stated in the assessment roll, or in some way incorporated in it. In other words, there must be some indication therein by which No. 54 can be certainly referred to some authenticated record, map, plat, or like."

In *Lawton* v. *City of New Rochelle,* 114 App. Div. 883, the description was simply "land Huguenot street," and was held insufficient as not conforming to the provisions of the Tax Law, the court saying: "In other words, it is essential to a valid assessment that there should be a statement of the quantity of land or a description of the same which will enable all persons interested to point out and designate the particular land which is the subject of assessment." P. 884.

In *Rhinehart* v. *O'Connor,* 173 App. Div. 942, the exact description contained in the assessment roll is not given, but it appears that certain boundaries were vague and indefinite as well as incorrect, and the assessment was held insufficient.

In *Fulton* v. *Krull,* 200 N. Y. 105, the assessments in question were made under the charter of Niagara Falls, which provided that the assessors " shall assess each lot or parcel of land separately, giving the name of the owner if known, or if not, the name of the occupant, if occupied, the part of the lot assessed, the number thereof, the street, side of street and number of feet fronting on street, or such other brief description as will enable the land intended to be known and located." The court held that these provisions differed from the General Tax Law, and provided a complete scheme of assessment which is not

specifically repealed by the Tax Law. Certain assessments were held to contain insufficient description of the property attempted to be assessed. The particular description is not given in the opinion, but its substance as given by the court is that they are described as the " east part of said lot having 38 ' feet front ' and a depth of 66 feet and situate on the east side of a given street and north of the cross street." The court held this description as thus summarized without reference to the map to be wholly misleading and inadequate, that in fact these lots abutted on the sides of other lots and not on any street, and that there was nothing to apprise a person where the alleged frontage was located and from what point the line of depth of 66 feet was to be measured, and could not, without reference to the map, locate the premises assessed. It was also held that this description could not be helped out by resort to a map filed in the clerk's office but not referred to in the assessment roll.

In *People ex rel. National Park Bank* v. *Metz*, 141 App. Div. 600, the assessment in question so far as description is concerned was given in the following manner. Under a column headed " No. of lot " are shown the figures " 239." The next column headed " description " is left blank. Under the next column headed " land acres " is the figure " 1." Under a subsequent column headed " description of property and supposed owner " appears the word " Unionport." This word Unionport was only at the head of the column on the page containing this assessment opposite the first assessment on the page and was not repeated by ditto marks or otherwise opposite the assessment in question. On a previous page of the assessment roll at the beginning of assessments against numbered lots of Unionport there were entered in the same column as above given the words " Map

of Unionport,'' but nothing further to identify the lot or the map either by date of the map, by whom made or where filed. The assessment was held insufficient.

In *Matter of N. Y. C. & H. R. R. R. Co.,* 90 N. Y. 349, the description of the land assessed was held to be insufficient to enable any one to locate the land sought to be taxed as appeared by comparison with a description of the land contained in the petition, the court saying: '' There is given a front on Exchange street, but no definite courses for the remaining sides of the lot, nor other means of identification, or any lines by which the lot can be inclosed,'' and further, ''An accurate designation or description of the land assessed is equally essential to the validity of the assessment, and without certainty in that respect no foundation is afforded for future action.''

In *Lander* v. *Downs,* 141 N. Y. 422, the assessment was held invalid because the name of the plaintiff who was a non-resident was inserted in the first column of the assessment roll under the head of non-residents with his place of residence written thereunder. It was also held that the assessment was made in such a form as at least to leave it open to doubt whether plaintiff's name was so intended as a part of the description of the lands or for the purpose of including him among the taxable inhabitants, and that there was not a substantial compliance with the statute. No question seems to have been raised as to the description.

In *Allter* v. *Village of St. Johnsville,* 130 App. Div. 297, the description contained in the sidewalk assessment was simply '' N. Division street,'' which was held insufficient.

In *Schermerhorn* v. *Albany Syndicate,* 93 Misc. Rep. 597, the assessment was as follows: '' 834, Schermerhorn Lucy J. estate of, Main St., H. and lot, value

$2200.    Village of Castleton," which was held insufficient.

In *Zink* v. *McManus,* 121 N. Y. 259, the description contained in the assessment in question was as follows: " feet front 872, feet deep 290, N. line, name of street Military R, side E. Feet 918.60, course N. Street Hertel Avenue." The court held that this description was insufficient as appeared by comparison of the description contained in the comptroller's conveyance to that contained in the complaint, the court saying: " it is plain that they do not agree, and that no sufficient words or suggestion is contained in the former identifying or calling attention to the latter. A reasonably accurate designation or description of the land assessed and sold is necessary in order to give validity and effect to the conveyance. There are but two boundary lines contained in the description of the lands in the comptroller's deed. No land is actually inclosed by it. It is impossible, from the description, to ascertain the form or shape of the lot or how far, either to the west or to the south its actual boundaries extend. It is impossible, as it seems to us, to locate or identify the lands thus described with any degree of certainty."

In *Sheldon* v. *Russell,* 91 Misc. Rep. 278, the assessment in question was upheld and was as follows: " Names of taxable persons, Tarbell, Fred, et al., Quantity and Statement, Description, Ward 3, section ——, block 147, No. 210 Street, N. Clinton, acres 14/1000." It appeared that the land attempted to be assessed was described in the deed to plaintiff as situate in the village (now city) of Olean, county of Cattaraugus and state of New York, and described on a map of said village, and described by T. J. Gooseline, Esq., as lots Nos. 4 and 5 in block 146. It also appeared that there was another map of the city of

Olean known as the Blakeslee map filed in the county clerk's office upon which the property in question was located in block 147. When the city authorities numbered the residences in pursuance of an ordinance, lots 4 and 5 of the Gooseline map became No. 210 North Clinton street.

The Appellate Division affirmed this decision (173 App. Div. 991) without opinion. A dissenting opinion was filed by Lambert, J., in which he said the description contained in the assessment could not be helped out by referring to the Blakeslee map, because it was not referred to in the description, and that therefore the description of the premises sought to be taxed had no definiteness in its reference to block 147. He then said: " The boundaries of the lot are not indicated and there is nothing to show any location of the premises, except the reference to street number. I am not aware that any court has ever approved a reference to a street number as a sufficient designation of premises sought to be taxed or conveyed. Different municipalities adopt different street frontages in determining the numerals to be applied to different properties. In one municipality each twenty-five feet may be assigned a number; in another each fifty feet, and even these measurements are usually varied to correspond to some extent to the buildings upon the premises. In any event, the reference to street number does not indicate anything of the precise location of the boundaries of these lots and from the description in the assessment roll alone it would be wholly impossible for any person to determine just what lands were sought to be taxed."

The description set forth in this case in the assessment roll contains much more than is shown by the assessment in the case at bar. The ward, section and block and the quantity of land are set forth, as well as

the street number. It appears from an examination of the opinion rendered at Special Term that the assessors in using the block No. 147 referred to a well-known and duly authenticated map in general use, which was on file in the county clerk's office and used by the city authorities, and the court states in its opinion that under such circumstances "the conclusion is readily reached that the owners could not have been misled as to the fact of their property having been assessed, nor prevented by the manner of the assessment from discovering the existence of such assessment." It is not clear that the court at Special Term held that the designation of the property assessed by street number was a sufficient description, nor can it be said that the affirmance by the Appellate Division without opinion (173 App. Div. 991) is an authority for that proposition.

I do not find that the exact question presented here has ever been passed upon, but it seems to me that the opinion expressed by Judge Lambert in his dissenting opinion in the *Sheldon* case is correct when he says: "The reference to street number does not indicate anything of the precise location of the boundaries of these lots and from the description in the assessment roll alone it would be wholly impossible for any person to determine just what lands were sought to be taxed." In my opinion, if the assessment by house number was in fact held to be sufficient in the *Sheldon* case at Special Term and in the Appellate Division, such decision is in conflict with the decision of the Appellate Division in the second department in the *Lawton* case and the Court of Appeals in *Matter of Application of N. Y. C. & H. R. R. R. Co.*, 90 N. Y. 342, 349.

In the *Lawton* case the court said: "It is essential to a valid assessment that there should be a statement of the quantity of land or a description of the same

which will enable all persons interested to point out and designate the particular land which is the subject of assessment.'' See, also, *Rupert* v. *Village of North Pelham,* 139 App. Div. 302, where the same requirement was laid down and where in the course of the opinion Justice Jenks quoted from Cooley on Taxation (2d ed., p. 205), where the author says: '' The purposes in describing the land are: First, that the owner may have information of the claim made upon him or his property; second, that the public, in case the tax is not paid, may be notified what land is to be offered for sale for the non-payment; and third, that the purchaser may be enabled to obtain a sufficient conveyance.''

I do not think it could be seriously contended that a reference to land conveyed as house and lot No. 33 Woodbury street would be a sufficient description in a deed conveying the property.

Judgment for the plaintiff canceling the assessments in question and the subsequent proceedings of the city based thereon.

Judgment for plaintiff.