HARRIET J. McCOUN, Appellant, v. AMY K. PIERPONT and NELLIE CRANZ, Respondents.

Second Department, March 11, 1921.

Taxation — improper listing of property on tax roll — failure to use ditto marks to connect property and ownership — reference to map — tax sale — insufficient notice of — relief in equity on partition — refund under Tax Law, section 156.

Where an assessment roll omitted from its first column ditto marks, referring to the name and subdivision of property, but correctly used them in the column for owners, such imperfect entry did not warrant the county

treasurer in executing a tax deed which described certain lots as on "Map No. 1," it appearing that the top of the page of the assessment roll referred to "Map No.... 1907," that there was no map with that number, and that the only map of any kind was filed in 1911.

Where the description of the map is impressed only at the head of the first column of the assessment roll, ditto marks are necessary to connect the numbers of the lots with some means of definite description.

A tax sale notice is defective, insufficient and void which mentions no map and gives no description by which the property can be identified.

In a suit for partition of property bought at a tax sale, void because of false and misleading descriptions in the assessment roll, equity cannot give relief.

Under section 156 of the Tax Law a refund may be claimed of what was paid for deeds on a void tax sale; but the owner should not be required to lose the property because of defects in method of assessment.

REARGUMENT of an appeal by the plaintiff, Harriet J. McCoun, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Nassau on the 8th day of April, 1920, on the decision of the court rendered after a trial at the Nassau Special Term dismissing the complaint and adjudging the defendant Nellie Cranz as the rightful owner of three adjoining vacant lots at Long Beach, Nassau county. [See 194 App. Div. 912.]

These lots are numbered 65, 66 and 67, in block 126, on a map No. 1 Estates of Long Beach, filed in Nassau county April 20, 1911, as No. 31.

On November 29, 1913, the Estates of Long Beach conveyed these lots to the respondent Nellie Cranz in fee simple with full covenants, but subject to an easement and to certain building restrictions for the sum of $2,775, duly paid by her, which is agreed to be the fair value thereof.

By and under tax sales purporting to be for unpaid taxes of 1913–1914, one Lydia E. Underhill received and caused to be recorded tax deeds for these three lots from the county treasurer of Nassau county. Afterwards she conveyed her interest therein to this plaintiff, who on April 16, 1919, conveyed an undivided one-fiftieth part of these lots to defendant Amy K. Pierpont. On May 28, 1919, this action for partition was begun, in which Nellie Cranz, as a counterclaim, asked relief that her title be sustained, and that the tax deeds relied on by plaintiff be canceled.

The court found and decided that the lots were not properly described in the assessment roll for the year 1913, and the attempted descriptions in the advertisements of tax sales were not reasonably sufficient to identify the same. From this judgment the plaintiff took this appeal.

*William T. McCoun,* for the appellant.

*J. Boyce Smith, Jr.,* for the respondent Nellie Cranz.

*H. Stewart McKnight* [*James K. Foster* with him on the brief], for the treasurer of Nassau county.

Putnam, J.:

The record contains a photographic copy of page 282 of this assessment roll for the year 1913. These three lots on the 15th, 16th and 17th lines, are near the foot of the page. The first column, entitled " Name of subdivision," has written in " Estates of Long Beach, Long Beach, L. I. William H. Reynolds, President. Map No. . . . . 1907, Chas. W. Leavitt, Landscape Eng. 220 Broadway, N. Y. City. Filed in County Clerk's office Nassau Co. N. Y. Apr. 20, 1911." The short lines of this heading fill the space opposite lots 51–54. Beneath are no ditto marks, but each of the lots here in question, after the column giving numbers, has under head " Total amount of tax " the figures 3.68. Under the title " Reputed owner and address " and opposite lot 65 are the words " Estates of Long Beach," with ditto marks beneath, opposite lots 66 and 67. There is no map with the number 1907. The only map of any kind was filed in 1911.

Ditto marks are omitted from this first column, referring to name and subdivision, although correctly used in the last column for owners. Did this attempted and imperfect entry warrant the county treasurer's tax deed in describing these lots as on " Map No. 1," where the top of the page of the assessment roll only referred to " Map No. . . . 1907 ? " Appellant points out that there was then no other map of Long Beach property filed with the county clerk, so that from such extrinsic evidence it would supply the omission of an identifying map number.

In *Fulton* v. *Krull* (200 N. Y. 105, 110), Hiscock, J., said: " We of course agree with the appellant that the description employed in the assessment roll cannot be helped out by additional details of description incorporated into the deed. We also hold that no reference having been made in the roll to the map which had been filed in the clerk's office, resort cannot be had to that for the purposes of description and identification of the lands attempted to be assessed."

It further appears that in entering on the roll mapped lots in Nassau county they have the slack habit of impressing the description of the map only at the *head* of the first column, with the lines beneath left entirely blank and without ditto marks. Such marks, however, are essential to show an inquirer that the particulars in the lines above are repeated below. (*Hodgdon* v. *Burleigh*, 4 Fed. Rep. 111.)

The loose and slipshod method of entering lots without ditto marks has been pronounced insufficient in *People ex rel. National Park Bank* v. *Metz* (141 App. Div. 600, 606). That related to the column headed " Description of Property and Supposed Owner." Mr. Justice Laughlin said: " It is contended by counsel for the respondents that the word ' Unionport ' in the column headed ' Description of Property and Supposed Owner,' relates to all of the assessments on the page and, by a reference to a preceding page of the assessment roll, shows that it had reference to a map of Unionport, which was a village in the county of Westchester. This was not, I think, a compliance with the statutory requirements." Although this case was criticised on another point in *People ex rel. Staples* v. *Sohmer* (206 N. Y. 39, 43), this ruling has not been doubted or disturbed.

In the first column of this roll ditto marks are necessary to connect the numbers with some means of definite description. Without them there is conjecture and uncertainty as to what the numbered parcels may be. Such marks are even more essential than merely to show ownership. (*Lalor* v. *Mayor, etc., of New York*, 12 Daly, 235.) The strictness with which the law guards tax assessments holds void a tax record which had only figures, with no words or dollar mark to indicate the sum assessed and to be collected. (*Norris* v. *Hall*, 124 Mich. 170.) The care to protect the owner's rights also is illustrated

in *Harrington Co.* v. *Horster* (89 N. J. Eq. 270). (See, also, the decisions grouped by Mr. Justice Young in *McInnis* v. *City of New Rochelle*, 99 Misc. Rep. 388.)

The learned court also found that the tax sale notices of these lands were defective, insufficient and void. At the bottom of the fifth column of page 16 of the tax sale notice published in the North Hempstead *Record* appears the following:

" Block 126.

Est. of Long Beach, lots 1, 2, 3, years 1913, 1914,
  each...................................... 15.67

Est. of Long Beach, lots 11 to 32, years 1913, 1914,
  each...................................... 10.29

Gertrude I. Bleekman, lot 46, years 1913, 1914... 11.88

Gertrude I. Bleekman, lots 47, 48, years 1913, 1914,
  each...................................... 11.63

Est. of Long Beach, lots 65 to 67, year 1913, each.. 5.97 "

This fifth column mentioned no map. But earlier on the page towards the foot of the *second* column, in same small type, is this: " Map No. 1, of property known as Estates of Long Beach, at Long Beach, made by Chas. W. Leavitt, Jr., March, 1907. Filed in County Clerk's Office, April 20, 1911. District 28."

Under and following this entry the block numbers run and vary with irregularity. First is a series from 6 to 52; then from 139 to 206; then is interpolated block 5, after which are blocks 42 up to 146, in which last series is found block 126. Hence the finding that reference to the map (without which lot numbers are useless and nugatory) is not reasonably connected with such lot entries. This difficulty is made greater by omitting to use any distinguishing type for such map reference. However, had the lots been originally clearly shown upon the assessment roll this bad and confused arrangement in the notice might not be fatal. If any advertising usage was here followed, then such usage should be corrected.

In this equity suit for partition, I see no ground for helping out such tax sales based on false and misleading descriptions in assessment rolls. As was said by Judge O'Brien in *Sanders* v. *Downs* (141 N. Y. 422, 426): "Any construction of the

statute which would in any degree encourage erroneous, lax or careless methods of making up the assessment roll, would disturb the security with which the law guards private rights, and at the same time prove detrimental to public interests."

A refund may be claimed of what was paid for these tax deeds (Tax Law, § 156, as amd. by Laws of 1912, chap. 268), but the respondent should not lose her lots because of defects in taxation. I, therefore, advise that the judgment be affirmed, with costs.

Present — JENKS, P. J., MILLS, PUTNAM, BLACKMAR and KELLY, JJ.

Judgment unanimously affirmed on reargument, with costs.